## WEATHERS v. THE STATE.

An indictment for perjury must show conclusively, that the testimony given by the de-
fendant, and charged to be false, was material to the issue on the trial of which he
was sworn.

*Thursday,*        ERROR to the *Ripley* Circuit Court.
*November 5.*
HOLMAN, J.—*William Weathers* was indicted for perjury in
the *Ripley* Circuit Court.  The indictment states, that on the

27th of *October*, in the year 1828, on the trial of a certain issue, in the *Ripley* Circuit Court, wherein *Gardner Woodbury* was plaintiff, and *Daniel Ross*, *Samuel Hodges*, and *Reuben Hodges* were defendants, duly joined on the plea of payment to a certain note in writing under seal, regularly executed by the said defendants, *William Weathers* appeared as a witness for the defendants, and took his corporal oath, &c. to speak the truth, &c. touching the matters in question in the issue joined as aforesaid; that, on the trial of the said issue, certain questions became and were material, that is to say, whether he the said *William Weathers* had paid one *Robert Knowlton*, the assignor of the said plaintiff, before the assignment of the said note, the sum of 73 dollars, for the defendants aforesaid; and that the said *William Weathers*, on the said 27th of *October*, in the year 1828, in the said *Ripley* Circuit Court, on his oath aforesaid, on the issue aforesaid, knowingly, falsely, &c., amongst other things, did depose and swear, that he the said *William Weathers* had, before that time, paid to the said *Robert Knowlton*, the assignor of the said note, the sum of 73 dollars, on the said note, for the said defendants; whereas in truth and in fact, the said *William Weathers*, at the time when he so swore as aforesaid, had not before the time when he so swore as aforesaid, nor before the assignment of the said note to the said plaintiff in the action aforesaid, nor at any other time, paid the said *Robert Knowlton* the said sum of 73 dollars, nor any other sum of money on the said note. On this indictment *Weathers* was found guilty by a jury, who assessed his fine at 50 dollars, and found that he should be imprisoned in the prison of the state for one year. Motion in arrest of judgment overruled, and judgment given on the verdict. To reverse this judgment *Weathers* has prosecuted his writ of error.

This judgment cannot be sustained: it should have been arrested by the Circuit Court. The indictment is insufficient, inasmuch as it does not show conclusively, that the testimony given by *Weathers* was material to the issue between *Gardner Woodbury*, plaintiff, and *Daniel Ross*, *Samuel Hodges*, and *Reuben Hodges*, defendants. The facts sworn to must be material, in order to constitute the crime of perjury. A man may knowingly and corruptly swear falsely, and yet not be guilty of perjury. And the indictment, in order to allege the crime of per-

jury, must unequivocally aver that the facts sworn to were material. Nothing is to be taken by intendment. Here the indictment says, that it was material whether *Weathers* had paid 73 dollars to *Knowlton*, for the defendants, before the assignment of the note. Now, if the indictment had stated, that *Weathers* swore that he had paid 73 dollars to *Knowlton* before the assignment of the note, the testimony would have been material within the terms of the indictment. But such was not the testimony of *Weathers*. He did not swear, as we understand the expressions in the indictment, that he paid the money to *Knowlton* before the assignment of the note, but that he had paid the money before that time—the time when he gave his evidence.

The indictment does not say, that the question whether *Weathers* paid the money to *Knowlton* after the assignment of the note was material; nor does it charge that he swore that he paid it before the assignment; therefore the deduction is clear, that the swearing may have been to a fact that the indictment does not allege to have been material. If the allegation of materiality in the indictment, is not sufficiently broad to cover the facts sworn to by the defendant, it is just the same as if the indictment contained no allegation of the materiality of the facts sworn to at all. And surely no lawyer would contend, that an indictment would be good without an allegation that the facts, to which the defendant deposed, were material. It therefore appears to us that, if we take the whole of the indictment as true, it does not fix upon the defendant the charge of perjury; for if the question of a payment to *Knowlton*, at any time subsequent to the assignment of the note, was not material, the swearing of *Weathers*, though false, may not have amounted to perjury. In fixing this conclusion, it must be remembered that the indictment does not pretend that the time when the note was assigned, and the time when *Weathers* gave this evidence, was the same; and in the very nature of the transactions, some time must have elapsed after the assignment of the note, before the defendant gave this evidence relative to this payment; and a question of payment, during this interval of time, is not said by the indictment to have been material; and for aught that appears in the indictment, it may have been in

this interval of time, when the defendant swears that he paid the money to *Knowlton.*

The attorney for the state supposes, that the averment in the indictment that *Weathers* had not, before the time when he so swore, nor before the assignment of the said note, paid the said 73 dollars, removes this objection. But an averment, that *Weathers* had not paid the money before the assignment of the note, does not reach or limit the general terms of the swearing as to the time of payment. Nor does the general averment, that *Weathers* had not paid the money at any time before he gave this evidence, show that a question as to a payment at any time was material. It may be considered as showing that *Weathers* has certainly sworn falsely, but it does not reach the materiality of the facts sworn to, so as to show that a perjury had been committed.

There are other errors assigned that would demand our attention, if the one already examined did not show, conclusively, that the indictment is materially defective, and that the judgment must be wholly reversed.

*Per Curiam.*—The judgment is reversed. To be certified, &c.

*Stevens*, for the plaintiff.
*Wick*, for the state.