[No. 1356.    Decided June 4, 1894.]

THE STATE OF WASHINGTON, *Appellant*, v. HARRY
WRIGHT, *Respondent*.

FORGERY — INFORMATION — DESCRIPTION OF CRIME.

Under the provisions of our Code (Code Proc., §§ 1234, 1235, 1244,
1245), it is unnecessary, in an information charging the crime of
forgery, to set forth a copy of the forged instrument, as the acts
constituting the crime may be fully and plainly set forth otherwise
by appropriate words of description.    (ANDERS, J., dissents.)

*Appeal from Superior Court, Thurston County.*

*Milo A. Root*, Prosecuting Attorney, and *James A.
Haight*, for The State.

*John R. Mitchell*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This was an action by the state against
the defendant for forgery.    The information was as fol-
lows:

"Comes now Milo A. Root, county attorney and pros-
ecuting attorney for Thurston county, State of Washing-
ton, and the court being in session and the grand jury not
being in session, gives the court to understand and be in-
formed that one Harry Wright is guilty of the crime of
forgery, committed as follows, to wit: He, the said Harry
Wright, at the city of Olympia, in Thurston county, State
of Washington, on the 17th day of October, 1893, did
falsely and fraudulently forge and counterfeit the indorse-
ment of O. L. Branson & Co. (a firm and partnership of
business men in said city of Olympia) to and upon a cer-
tain order for money (said order being of the class com-
monly called checks), which said order was signed with
the name of S. S. Brooke as drawer, and had thereon the
name James Morgan as payee, and drawn on and directed
to the Bank of British Columbia, of Tacoma, State of

Washington, and was so drawn for the sum of thirty-seven and fifty one-hundredths dollars, and had indorsed on the back thereof the name James Morgan; said forgery and counterfeiting of the indorsement of said O. L. Branson & Co. by said Harry Wright, being then and there falsely and fraudulently done for the purpose and with the intent of said Harry Wright to then and there cheat and defraud one G. Kaufman then and there being.''

The defendant entered a plea of "not guilty," a jury was impaneled, and the cause tried. After the evidence was in, the judge, upon his own motion, held that the information was fatally defective for the reason that it did not contain a copy of the instrument alleged to have been forged. The judge then directed the jury to render a verdict of acquittal, which was done, and the prisoner, by order of the judge, discharged.

It will be seen that there is but one question involved in this case, namely, whether it is essential to an indictment for forgery that a copy of the instrument alleged to have been forged be set forth in the indictment. The citation of authorities from courts which consider themselves bound to follow the common law rule of practice in criminal cases furnishes no guide to this court, in consideration of the fact that our statute is a wide departure from the rules of the common law governing courts in criminal proceedings. Sec. 1202 of the Code of Procedure provides especially that all the forms of pleading in criminal actions heretofore existing are abolished, and that hereafter the forms of pleading and the rules by which the sufficiency of pleadings is to be determined are those prescribed therein. So that the one question to determine is, is the requirement claimed by the respondent prescribed by our statute.

The requirements are specified in § 1234, and they are:

1. That it must contain the title of the action, specifying the name of the court to which the indictment or information is presented, and the names of the parties.

2. A statement of the acts constituting the offense, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.

Thus it will be seen that it is the statement of the acts constituting the offense which is required, and if the statement of the acts constituting forgery can be made without setting forth a copy of the instrument forged, the requirements of the statute are met without such recitation; and we see no reason why the acts which constitute forgery cannot be as specifically designated and set forth in the indictment as the acts constituting any other crime.

The test of the validity of this indictment is, does it enable a person of common understanding to know what is intended. We think there can be no question but that it does. The acts constituting the crime are set forth with clearness and precision; the date when the crime was committed is specified. If he is a man of common understanding he knows what it means to "counterfeit the indorsement of O. L. Branson & Co. upon a certain order commonly called a check, which was signed with the name of S. S. Brooke as drawer, and had thereon the name of James Morgan as payee, and drawn on and directed to the Bank of British Columbia, and for the sum of $37.50, and had indorsed on the back thereof the name James Morgan, and that he committed said act falsely and fraudulently to cheat and defraud one G. Kaufman;" and it can scarcely be contended, we think, in view of the plain language used, that the respondent was not made aware by this indictment of exactly the crime with which he was charged.

This indictment, we think, is in conformity with the form prescribed in § 1235, Code of Procedure, which provides that the act charged as a crime be set forth. The *acts* charged as a crime have been set forth in this information. Again, to accentuate the intention of the legislature

to emancipate criminal prosecutions in this state from the enthralling technicalities of the common law, § 1244 provides that "the indictment or information *is sufficient* if it can be understood therefrom [so far as the act is concerned] that the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended," and that "the act or omission charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the rights of the case." And to make assurance doubly sure, the legislature has again provided, in § 1245, that "no indictment or information is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of any of the following matters, which were formerly deemed defects or imperfections [mentioning them], *nor for any other matter which was formerly deemed a defect or imperfection, but which does not tend to the prejudice of the substantial rights of the defendant upon the merits.*"

We are entirely unable to see how the substantial rights of the defendant could have been in any way affected by the recitation or setting forth at length of the instrument alleged to have been forged. Had he been notified by letter that he was charged with committing this crime as plainly and distinctly as he has been notified by this information, no sane person would conclude that he had not been clearly made aware of the crime attributed to him. Our statute provides that words used in an indictment shall be construed with reference to their common and ordinarily accepted meaning, and if the language is sufficient to notify him unofficially, the formal notification through the medium of the information need employ no more specific language.

The tender solicitude on the part of the government for

the rights of citizens charged with crime is commendable; but the refinements and technicalities of the common law, which, under the circumstances and conditions of society two hundred years ago, were necessary for the protection of the citizen charged with crime, under the changing conditions of society are no longer necessary, and instead of insuring the proper results, more often tend to defeat the ends of justice and prevent the merited punishment of crime; and the blind adherence by the courts to these old and now useless rules of construction has largely, and not without reason, impressed the minds of the common people with the idea that the administration of criminal law is a farce.    The legislature, recognizing this fact, has been anxious, especially in this state, in the interests of good government and the protection of law abiding citizens, to remedy this evil, and every effort has been made to simplify the criminal procedure so that a result might be reached dependent upon the merits of the defense rather than upon some technical omission in the pleadings which could, under no possibility, reach the merits; and in pursuance of that desire they have provided that it shall be sufficient to notify a person charged with a crime by a simple statement of facts; and the courts, whose duty it is to enforce the will of the legislature, no matter what their own views might be of the policy of the law, ought to aid the legislature in carrying out its plainly expressed desire on this point rather than to render its actions nugatory by insisting upon rules of. construction which the legislature has plainly said should not be the rules of construction governing the acts which it has passed; and if a common sense construction, such as is provided for in the code, be applied to the language of the indictment in this case, the conclusion is inevitable that the respondent was informed in plain and concise language of the crime with which he was charged.    This has been the uniform holding of this

court ever since its organization, and we cannot forbear to approvingly quote the language of the supreme court of California in *People v. Cronin*, 34 Cal. 191, as expressing strongly and tersely the sentiment of this court on the subject of the common law construction of statutes of the character of those in force in this state, being substantially the same statute in force in California:

"From the start," says the court in that case, "this court has uniformly held, in respect to indictments generally, that they are sufficient, in matter of averment, if they allege all the acts or facts which have been used by the legislature in defining the particular offense charged.    It has so held because such has been considered to be the rule adopted by the letter and spirit of the statute by which proceedings in criminal cases are regulated.    Sec. 235 of that statute expressly provides that, 'All the forms of pleading in criminal actions, and the rules by which the sufficiency of pleadings is determined, shall be those prescribed by this act.'    If it is possible for the law making department of the government, in the face of the conservatism of the legal profession, which is too often blind, we fear, to abolish old forms and rules and establish new, it would seem to have been done by the legislature of this state.    To this conclusion the profession must come, and it must search in the provisions of the statute for the form of an indictment and for the rules by which its sufficiency is to be determined rather than in the common law, for such is the will of the legislature.    The legislation of this state is undoubtedly an innovation upon the common law, but it is not for that reason to be condemned without a trial.    An obstinate adherence to custom is more pernicious than cautious experiment.    But if this change be unwise in the estimation of counsel, it must nevertheless be enforced by the courts.    In our estimation it introduced a salutary and much needed reform.    The idea that the forms and rules of a hundred years ago cannot be improved, which seems to be entertained by some, must be addressed, if at all, to the legislature.    That body has the power to restore the forms and rules of two centuries ago; this court neither has the power nor the desire.    In the administration of justice, as

in all else, a wise progress is better than blind conservatism. Not yet has it attained its highest perfection, it is to be hoped; much less had it done so a hundred years ago. If it had, then are those who go before wiser than those who come after, the human understanding is not progressive, and mankind learn nothing from the teachings of experience—the mother of all wisdom.''

It is true that this language was used in reference to the construction of an indictment for murder, but the reasoning is just as applicable to the construction of an indictment for forgery under the statute. When the statute by express terms provides, as does our statute, that hereafter the forms of pleading and the rules by which the sufficiency of pleadings is to be determined, are those prescribed in the statute, it is not only fallacious but absolutely in the face of the mandatory provisions of the law to seek for rules of construction elsewhere.

We do not think that there is any force to the objection that a recitation is necessary to protect the defendant in his right to a plea in bar in case he were tried the second time for the same offense. If the facts constituting the crime are charged, the identification is as easily made as though they were stated by a recitation of the instrument. Under our system of jurisprudence, and especially under the provision of the code, which makes a plain statement of facts, or of the acts constituting the crime, the ground work of the information, the danger of a second trial is exceedingly remote, and as a practical fact the plea of danger of a second trial is more often used to defeat the prosecution in progress than as a protection against a future prosecution.

The judgment will be reversed.

SCOTT, STILES and HOYT, JJ., concur.

ANDERS, J., dissents.