[No. 3266.  Decided June 20, 1899.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM
GUSE, *Appellant.*

PERJURY—INFORMATION—SUFFICIENCY OF AVERMENTS.

An information charging a person with perjury in having
testified falsely on a trial for the theft of cattle that he saw
defendant purchase the cattle is demurrable, when it does not.
allege that he stated from whom defendant purchased, and when
the information makes the materiality of the inquiry consist in
whether the defendant in the larceny case purchased the cattle in
question from a specified person on a certain day, or at all.

Appeal from Superior Court, Walla Walla County.—
Hon. THOMAS H. BRENTS, Judge.  Reversed.

*William H. Upton, H. S. Blandford* and *George T.
Thompson,* for appellant.

*Oscar Cain,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

FULLERTON, J.—The appellant was tried and convicted
for the crime of perjury, upon an information, the charg-
ing part of which is as follows:

"William Guse is accused by the prosecuting attorney
of the county of Walla Walla, State of Washington, by
this information of the crime of perjury, committed as
follows, to-wit: Said William Guse, on the 13th day of
October, 1898, in the county of Walla Walla, aforesaid,
then and there being before the superior court of the state
of Washington in and for the county of Walla Walla, in
a certain action, wherein the state of Washington was
plaintiff, and one Reinhold Harras, was defendant, in
which action said Reinhold Harras, by information duly
verified, was charged with having stolen certain neat cattle
from one J. E. Kirkland, in said county on the 24th day
of July, 1898, the said William Guse, was then and there
sworn in due form of law by J. E. Mullenix, Clerk of the

Superior Court for the state of Washington, in and for
Walla Walla county; that the evidence he, the said Wil-
liam Guse would give in the aforesaid action then pend-
ing in said court between the state of Washington and the
said Reinhold Harras would be the truth, the whole truth
and nothing but the truth, in the said action wherein the
State of Washington was plaintiff and the aforesaid Rein-
hold Harras was the defendant, said Harras was duly
sworn by said J. E. Mullenix, Clerk of said Court as afore-
said, as a witness on his own behalf to testify the truth,
the whole truth and nothing but the truth concerning the
matters then in issue between the state of Washington and
said Harras, and after being so sworn, said Harras upon
the trial of said action testified that he, said Reinhold
Harras on the 23rd day of July, 1898, at about the hour
of half past 7 o'clock of said day, bought said neat cattle
which in said information he, the said Reinhold Harras
was charged with having stolen, from one Macey, and said
Harras further testified he bought said cattle from said
Macey near the residence of said William Guse, where-
upon it then and there became and was a material question
in the aforesaid action then and there pending before said
Superior Court whether said Reinhold Harras on the said
23rd day of July, 1898, purchased said neat cattle from said
Macey, as testified to by said Harras, and it then and there
became and was a question material in said action then
pending in the Superior Court, whether said Reinhold
Harras, purchased said neat cattle from said Macey on the
23rd day of July, 1898, or at all, as testified to by him,
and to this the said William Guse, upon the trial of said
action, feloniously, wilfully and contrary to the aforesaid
oath administered to him as aforesaid and after he had
been sworn as aforesaid, and then and there knowing the
testimony so given by him to be false, did then and there
in the trial of said action, testify that he, the said William
Guse was present at or near the residence of said William
Guse on the evening of July 23rd, 1898, and saw him, the
said Harras, at or near the residence of said William Guse
at said time, and saw him, the said Reinhold Harras pur-
chase the said neat cattle in question, at the time and place
as testified to as aforesaid by said Harras, whereas in

truth and in fact, as the said William Guse then and there well knew he, the said Reinhold Harras was not on the evening of July 23rd, 1898, or at any time on said day at or near the residence of said William Guse, and did not on said day, at or near the residence of said William Guse, or at all purchase the said cattle in question from said Macey, as testified to by said Harras, and he, the said William Guse, did not on the 23rd day of July, 1898, at the time and place testified to by him, or at any time or place at all, see the said Reinhold Harras purchase the said cattle in question from said Macey or anyone, contrary to the form, force and effect of the statutes in such cases made and provided, and against the peace and dignity of the state of Washington."

The appellant seasonably demurred on the ground that the information did not state facts sufficient to constitute a crime, and he urges this objection in this court.

We think the demurrer should have been sustained. The statute (§ 7185, Bal. Code) enacts, that

" Every person who, having taken an oath that he will testify, declare, depose, or certify truly before any competent tribunal, officer or person in any of the cases in which such oath may by law be administered, wilfully and contrary to such oath, states as true any material matter which he knows to be false, is guilty of perjury."

Under this statute, as at common law, the materiality of the false testimony alleged to have been given is an essential element in the crime of perjury, and consequently, it must be averred in the information that the false testimony was material to the issue or point of inquiry. The pleader in making the averment may say directly it was thus material, or may set out facts from which its materiality will appear, but it is necessary that it be alleged in one form or the other. Here the pleader has adopted the former method, and has alleged directly what the material inquiry was. It is alleged, it will be noticed, that this material inquiry was whether Harras

had purchased the cattle in question from Macey on a certain date, or had purchased the cattle from Macey at all; thus making the purchase *from Macey* the only material inquiry. The appellant, it is alleged, falsely testified that he saw Harras purchase the cattle, but it is not alleged that he falsely testified that he saw Harras purchase the cattle *from Macey.* The purchase from Macey being the material inquiry, it is clear that the appellant cannot be convicted for falsely testifying merely that he saw Harras purchase the cattle, because that statement is not alleged to be material. On the other hand, evidence cannot be admitted to show that appellant falsely testified that he saw Harras purchase the cattle from Macey, because it is not alleged that he so testified.

" If the allegation of materiality in the indictment is not sufficiently broad to cover the facts sworn to by the defendant, it is just the same as if the indictment contained no allegation of the facts sworn to at all." *Weathers v. State,* 2 Blackf. 278; *Smith v. State,* 1 Tex. App. 620.

Another question suggests itself. The statute *(supra)* makes that perjury where a person "having taken an oath that he will testify . . . truly, . . . wilfully and contrary to such oath *states as true* any material matter which he knows to be false." The averment here is that the appellant having taken an oath to testify truly, and "knowing the testimony . . . to be false, did then and there testify that he . . .. was present," etc., without alleging that he testified or stated "as true," the false matter imputed to him, nor are other words used which convey the same meaning. Bal. Code, § 6849. It would seem that the statute has changed the common-law definition of perjury in this particular, and that it should be covered by proper averments. 2 Bishop, New Criminal Procedure, § 926.

The judgment of the lower court is reversed, and the cause remanded with instructions to quash the information.

GORDON, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.