[No. 6105.   Decided July 19, 1906.]

THE STATE OF WASHINGTON, *Respondent,* v. J. D. McLAIN,

*Appellant.*[1]

PERJURY—INFORMATION—SUFFICIENCY.   An information for perjury, alleged to relate to a "certain information then and there pending," sufficiently alleges that the evidence was given upon a trial of an actual cause, when it is further alleged that issue was joined upon such information, and that the cause was tried in due form before a jury.

SAME—MATERIALITY OF EVIDENCE.   An information for perjury alleging that certain evidence was material and was false, sufficiently charges, as against a general demurrer, the materiality of the evidence without specifically alleging that the same was material as evidence of an alibi, for which it was manifestly given.

CRIMINAL LAW—JUDGMENT—CONFORMITY TO VERDICT.   It cannot be claimed that the judgment and sentence was not rendered on the verdict because of recitals of the judgment slightly different from the verdict, where they both referred to the same cause, number, and date of filing, and the verdict rendered authorized the judgment.

Appeal from a judgment of the superior court for Okanogan county, Steiner, J., entered November 10, 1905, upon a trial and conviction of the crime of perjury.   Affirmed.

*Peter McPherson* and *P. D. Smith,* for appellant.

*Alvin W. Barry,* for respondent.

HADLEY, J.—The defendant was charged by information with the crime of perjury.   He demurred to the information and the demurrer was overruled.   A plea of not guilty was then interposed, the cause was tried before a jury, and a verdict of guilty was returned.   Thereupon the defendant was sentenced to ten years' imprisonment in the state penitentiary, and judgment was entered accordingly.   He has appealed from the judgment.   It is assigned that the court erred in overruling appellant's demurrer to the information.

[1]Reported in 86 Pac. 388.

For convenience we here set forth the recitals of the information in full:

"J. D. McLain is accused by the prosecuting attorney in and for Okanogan county, state of Washington, by this information, of the crime of perjury, committed as follows:

"That heretofore, to wit, on the 19th day of August, 1905, in the superior court of the state of Washington, in and for Okanogan county, held at Conconully, in said county, on said day, before R. S. Steiner, judge of said court, a certain issue in due form and manner joined in said court between the state of Washington, aforesaid, and J. D. McLain, this defendant, upon a certain information then and there pending in said court against the said J. D. McLain, by which said J. D. McLain, this defendant being, was charged with the crime of arson, in unlawfully, wilfully, maliciously and feloniously setting fire to and burning, in said Okanogan county, the barn of one J. D. Lyda, came on to be tried, and was then and there, in due form of law, tried by a certain jury of the county, in due manner returned, impaneled and sworn for that purpose, and that, at and upon the trial of said issue said J. D. McLain did then and there appear and was produced as a witness for and on behalf of the said defendant, J. D. McLain, this defendant being, upon the trial of the said issue, and the said J. D. McLain was then and there duly sworn as such witness as aforesaid, before Frank H. Foster, who was then and there the duly authorized clerk of said superior court, that the evidence which he should give to the court and jury between the said state of Washington and the said J. D. McLain, the defendant, on the issue then pending, should be the truth, the whole truth and nothing but the truth, the said Frank H. Foster as such clerk aforesaid then and there having sufficient and competent power and authority to administer the said oath to the said J. D. McLain, in that behalf, and the said J. D. McLain being so sworn as aforesaid, it then and there upon the trial of said issue, became and was a material inquiry whether the said witness, J. D. McLain, left the saloon of J. M. Risley, in Okanogan county, state of Washington, on Friday the nineteenth day of August, 1904, between the hours of 9 o'clock and 12 o'clock in the evening of said day and went directly to the dwelling house of one Mrs. Cort (Mrs. Carrie F. Cort,

meaning), for the purpose of getting his laundried clothes, and then and there saw said Mrs. Cort, and then and there talked with said Mrs. Cort, among other things, about renting the house the said Mrs. Cort was then living in, and whether he, the said witness, J. D. McLain, then and there obtained from said Mrs. Cort his laundried clothes, and whether he, the said witness, J. D. McLain, then and there went from the dwelling house of said Mrs. Cort direct to the ranch and house of one A. L. Davis situated 3¼ miles north of said town of Twisp, in Okanogan county, Washington and then and there went to bed; and the said witness, J. D. McLain, did then and there, upon his oath so taken as aforesaid in the said cause, feloniously, wilfully, falsely, corruptly, knowingly and contrary to such oath, depose and swear, amongst other things, in substance and to the effect, as true, following, that is to say, that he, the said witness, J. D. McLain was at Risley's saloon, in the town of Twisp, Okanogan county, state of Washington, on Friday the nineteenth day of August, 1904, about ten o'clock in the evening of said day; that after remaining in said saloon for a while, he, the witness, J. D. McLain went direct from said saloon to the dwelling house of one Mrs. Cort (Mrs. Carrie F. Cort, meaning), in said town of Twisp, for his laundry, that he, said witness, remained at the said dwelling house of said Mrs. Cort for some time and then and there talked with said Mrs. Cort about leasing the house she then occupied and other matters; that he, the said witness, J. D. McLain, then and there obtained from said Mrs. Cort his laundry, consisting of a suit of underwear, a shirt and two pairs of socks, that he, the said witness, J. D. McLain, on leaving the dwelling house of said Mrs. Cort, in said town of Twisp, went to the ranch and house of one A. L. Davis, situate 3¼ miles north from said town of Twisp; that he, the said witness, J. D. McLain, arrived at the house of said A. L. Davis about 12 o'clock on the night of said 19th day of August, 1904; whereas, in truth and in fact as he, the said witness, J. D. McLain, well knew, he the said J. D. McLain did not go from said Risley's saloon to, and was not at, the dwelling house of said Mrs. Cort in said town of Twisp, between the hours of 9 o'clock and 12 o'clock of the evening of said 19th day of August, 1904, nor during any portion of that time, nor at all, and did not obtain from said Mrs. Cort, nor at the dwell-

ing house of said Mrs. Cort at any time of said evening, his
or any washing whatever, that he the said witness, J. D.
McLain, did not go direct from said dwelling house of said
Mrs. Cort to the ranch and house of said A. L. Davis, as he
well knew, between the hours of 9 o'clock and 12 o'clock of
the evening of said August 19, 1904, nor during any portion
of said time. And so the said witness, J. D. McLain, feloni-
ously, wilfully, falsely, corruptly, knowingly, and contrary to
such oath as aforesaid, in the manner and form as aforesaid,
did then and there commit the crime of perjury, contrary to
the form of the statute in such case made and provided, and
against the peace and dignity of the state of Washington."

It is urged that the averments of the above information
relate to a "certain information then and there pending in
said court against the said J. D. McLain," and that a mere
allegation that an information was "pending" is not suffi-
cient. It is, however, specifically alleged that issue was
joined upon such information, that the cause was tried in
due form before a jury; that appellant was sworn to testify
as a witness, and that he did testify to certain facts. It is
therefore sufficiently alleged that the testimony was given
upon the trial of an actual cause.

It is next contended that the materiality of the testimony
given in the former cause is not shown in this information,
either by direct averment or otherwise. The testimony must
have been material to the issue being tried in the former cause
in order to make it the foundation for prosecution for perjury.
"Every person who . . . states as true any material
matter which he knows to be false is guilty of perjury."
Bal. Code, § 7185 (P. C. § 1695). It is alleged with sufficient
clearness that appellant was tried in the former case on the
charge of arson, and that he denied his guilt. It is also al-
leged that it became a material inquiry in that case as to
whether the matters of which appellant testified and which are
set forth in this information were true or false, and it is
alleged that they were false. Sufficient appears from the aver-
ments to show that the testimony of appellant in the former

case was in its nature an accounting for his whereabouts on the date named, and it is alleged that the truth thereof was a material matter for inquiry in the case. It is not directly alleged that appellant sought to prove an *alibi* in the former case, but such fact it seems to us is manifest from the reading of the information as it could have no other application. The testimony was material to that issue, and inasmuch as it is alleged that it was material, we think it was sufficiently charged within the holding of this court in *State v. Douette,* 31 Wash. 6, 71 Pac. 556. It was held in that case that the averment that the stated testimony was material to the issue in the trial where it was given, and that it was false, was sufficient. Substantially the same contention was made there as is made here, and we therefore hold that this information is sufficient as against a general demurrer.

It is next argued that the sentence and judgment of the court were rendered upon a pretended verdict and not upon the actual verdict of the jury. The verdict returned by the jury reads as follows:

"In the Superior Court of the State of Washington for Okanogan County.

"The State of Washington, Plaintiff, vs. J. D. McLain, Defendant. No. 0816. Verdict.

"We, the jury in the case of the State of Washington, plaintiff, against J. D. McLain, defendant, find the defendant guilty of the crime of prejury as charged in the information in the above entitled action.

"Dated at Conconully, Washington, this 7th day of November, 1905.

"Filed Nov. 7, 1905. Frank H. Foster, Clerk. H. H. Nickell, Foreman."

In the judgment the verdict is specified as follows:

"Case No. 0816. Verdict of Guilty.

"We, the jury, duly impaneled and sworn in the case of the state of Washington, plaintiff, against J. D. McLain, defendant, find the defendant J. D. McLain guilty as charged in the information in the above entitled action.

"Conconully, Wash., November 7, 1905. H. H. Nickell, Foreman."

It will be observed that the verbiage used in the judgment differs slightly from that of the verdict, but both refer to the same entitled cause, the same number, and the same date of filing. It was not necessary to include the exact terms of the verdict in the judgment and the judgment is sufficiently authorized by the verdict in the record.

Since we find no reversible error, the judgment is affirmed.

MOUNT, C. J., DUNBAR, ROOT, and CROW, JJ., concur.