[No. 14672. Department One. January 10, 1919.]

## THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM VANE, *Appellant*.[1]

CRIMINAL LAW (434)—APPEAL—REVIEW—DISCRETION—CHANGE OF VENUE. The denial of a motion for change of venue on the ground of local prejudice will not be disturbed in the absence of an abuse of discretion, notwithstanding the accused was compelled to go to trial with two jurors who had made affidavits in resistance of the motion for change of venue.

PERJURY (4)—INFORMATION—MATERIALITY OF EVIDENCE. An information for perjury sufficiently charges the materiality of the testimony, within Rem. Code, § 2351, defining perjury, even if insufficient at common law, where it alleges that accused wilfully testified falsely "to the following material facts in the case," setting forth the testimony; in view of Rem. Code, §§ 2065, 2066, providing for charging a crime in ordinary language, and that no information shall be deemed insufficient when it clearly indicates the offense and the person charged.

CRIMINAL LAW (385)—APPEAL—OBJECTIONS TO INFORMATION. Matters going to the definiteness or certainty of a charge which might have been cured by amendment cannot be raised for the first time on appeal.

SAME (316)—TRIAL—INSTRUCTIONS ALREADY GIVEN. It is not error to refuse requested instructions that are covered in the general charge.

PERJURY (7)—INSTRUCTIONS—MATERIALITY OF EVIDENCE. In a prosecution for perjury the determination of the materiality of the evidence is not left to the jury by the giving of an instruction that

[1]Reported in 177 Pac. 728.

the jury must find that all material allegations of the information have been proven beyond a reasonable doubt, where the jury were told that the matters charged in the information were all material matters in the case in question.

SAME (7)—INSTRUCTIONS—CORROBORATION. In a prosecution for perjury, an instruction upon the subject of corroboration of the defendant is not called for, where the testimony was admitted and the claim made that it was given under an honest mistake.

SAME (6)—EVIDENCE—SUFFICIENCY. In a prosecution for perjury, where the only issue was as to whether defendant was honestly mistaken, a conviction is sustained, where the authenticity of corroborating evidence as to dates offered by the defendant was successfully challenged by the state.

Appeal from a judgment of the superior court for Pend Oreille county, Neal, J., entered April 30, 1917, upon a trial and conviction of perjury. Affirmed.

*R. L. Edmiston* and *E. L. Sheldon,* for appellant.
*Chas. H. Leavy,* for respondent.

CHADWICK, J.—One Carl Brink was put to trial in Pend Oreille county in December, 1916. He was charged with the crime of horse stealing. He entered a plea of not guilty. The horses had been sold at Hillyard, in Spokane county, on the 20th day of June. The defense was an alibi, and the whereabouts of Brink on the 20th of June became the material question in the case.

Defendant Vane and Brink had been friends for about fifteen years, having neighbored together in a way customary in new countries. Both had taken up homesteads. Defendant had prospered and had helped Brink, who had accomplished but little in a financial way, by advancing money from time to time. He had both a financial and a personal interest in Brink. When Brink was arrested he went on his bond, procured counsel, and interested himself actively in finding testimony to sustain the asserted alibi. After the

purchaser of the horses had identified Brink and had testified that he purchased the horses on the 20th day of June, which fact was further evidenced by a bill of sale and a check drawn to pay the purchase price, defendant went upon the stand and swore to a set of circumstances, and in precise detail, accounting for the whereabouts of Brink during the whole of the 20th day of June; the gist of his testimony being that Brink and his wife had come to his house at Newport, Washington, in a rowboat belonging to defendant, arriving at about 11 o'clock; that they had lunch at his home; that the Brinks needed some groceries; that he took Brink and one Mottner in his car and went to a grocery store and purchased the groceries for Brink; that, while he was away, Mrs. Brink paid Mrs. Vane $200 for taxes on the Brink homestead, upon which defendant held a mortgage; and that he had not received any of the proceeds of the sale of the horses. Defendant brought the sales slips from the grocery store, from a garage where he had bought gasoline, and a receipt for the $200, all of which bore the date of June 20, as evidence to corroborate his testimony.

After defendant had testified, and pending an adjournment of the court until the next day, Brink made written confession of his guilt, saying that he had left Newport in the night of June 19, had gone to Hillyard, where he had sold the team, and returned to Newport on the morning of the 21st of June.

Defendant was arrested and charged with the crime of perjury. The information upon which he was put to trial contains four counts. He was found guilty, and brings the case here, assigning many errors.

A motion was made for a change of venue upon the ground of prejudice. Several affidavits were filed by

defendant, and a greater number were filed by the state. We are not prepared to hold, upon the showing made, that the trial judge abused the discretion which the law puts upon him when passing upon a question of this kind. It is not made to appear that any unusual difficulty was experienced in obtaining a jury, which, after all, is the best test of prejudice. But counsel says that defendant, having exhausted his peremptory challenge, was forced to go to trial with two jurors in the panel who had made affidavits in resistance of the showing made in support of the motion for a change of venue. The prosecuting attorney asserts that defendant might have exercised peremptory challenges against the jurors complained of if he had desired to do so. The examination of the jurors is not made a part of the record and we have no way of settling the dispute, except to pass it under the presumption that, notwithstanding the two jurors made affidavit that defendant could have a fair trial, they qualified to the satisfaction of the trial judge.

Defendant complains that the information is insufficient in form and substance to sustain a conviction, in that it does not charge the materiality of the alleged perjurious testimony.

After reciting the history of the Brink trial, the information continues:

"That, after the said William Vane, defendant herein, was duly sworn in said cause, as aforesaid, he, the said William Vane, did then and there in said action, as aforesaid, unlawfully, feloniously, wilfully, knowingly and intentionally testify, declare and swear as true, when in fact, he, the said William Vane, defendant herein, then and there well knew said facts to be false and untrue, the following *material matter* in substance and in fact, in the cause aforesaid, as follows, to wit:"

The testimony alleged to be false is here set out, and the information continues:

"That in truth and in fact, the said Carl Brink, defendant in said action, then and there being tried, as aforesaid, was at all times on June 20th, 1916, in Spokane county, in the state of Washington, and that the said Carl Brink had with him then and there a team stolen from Cunningham Brothers, of Pend Oreille county, Washington, and that he, the said Carl Brink, did on said 20th day of June, 1916, in the county of Spokane, sell and dispose of said team of horses, and that said defendant herein, William Vane, knew of said facts at the time he gave said false and perjured evidence as above quoted."

If we gather counsel's theory, it is that the information should charge, in that part following the quotation of the testimony alleged to be false, that the evidence became material at the trial, and the reasons why it was material. With the exception of the testimony relied on to support the charge, each count is in the same language. Counsel cite: *State v. Guse,* 21 Wash. 269, 57 Pac. 831; *State v. See,* 4 Wash. 344, 30 Pac. 327, 746; *State v. McLain,* 43 Wash. 124, 86 Pac. 388; 16 Ency. Plead. & Prac., 342; 30 Cyc. 1433.

The statute, Rem. Code, § 2351, being the Criminal Code of 1909, provides that:

"Every person who, in any action, . . . shall swear that he will testify . . . truly . . . and who, in such action . . . shall state . . . as true any material matter which he knows to be false, shall be guilty of perjury."

The materiality of the testimony is the first essential of a charge of perjury, and it may be that the information would not meet the tests of the common law, but we have endeavored to relax the rigidity of those rules. When fair trials were the exception rather than the rule, it was but natural that judges,

having a sense of right and humanity, should hold the state to strict pleading and to a stricter proof; but in these times, when those charged with crime are protected by every constitutional and statutory guaranty of a fair trial that a sense of humanity can suggest, and by a general sentiment that no innocent man shall be convicted of crime—when education is general, and understanding of written words is common to all classes, there is no sound reason why the rigorous rule of· the common law should be adhered to as a rule of construction in criminal pleadings. In evident recognition of the fact that courts are tangled in precedent and too often meet changed conditions in sloth and travail, the legislature has wisely provided,

"That the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." Rem. Code, § 2065, subd. 6. And

"No indictment or information is insufficient, for any surplusage or repugnant allegation, or for any repetition, when there is sufficient matter alleged to indicate clearly the offense and the person charged." Rem. Code, § 2066, subd. 4.

The spirit of these statutes has been ably interpreted by the writer of the opinion in *State v. Wright*, 9 Wash. 96, 37 Pac. 313.

When tested by the statute, as we may say of jeofails, we have no doubt of the sufficiency of the information. It charges that defendant falsely, knowingly, and wilfully testified as true, when, in truth, "he well knew said facts to be false and untrue, the following material facts in the cause aforesaid, to wit:" And after the testimony is set out, the facts showing the falsity of the testimony are charged. Surely defendant, being a person of common under-

standing, knew the nature and the character of the charge.

Other objections are made to the information, but they are not now available to defendant. The information was not attacked by motion or demurrer in the lower court, nor did defendant move in arrest of judgment. Matters going to the definiteness or certainty of the charge, as well as all matters of form which might have been cured by amendment, cannot be raised for the first time in this court. *State v. Blanchard,* 11 Wash. 116, 39 Pac. 377; *State v. Bodeckar,* 11 Wash. 417, 39 Pac. 645; *State v. Phillips,* 65 Wash. 324, 118 Pac. 43; *State v. McBride,* 72 Wash. 390, 130 Pac. 486; *State v. George,* 79 Wash. 262, 140 Pac. 337.

Many assignments of error are predicated upon the instructions given and instructions refused. We cannot review all of them in detail. It is enough to say that the instructions as given fairly state the law. Some of the instructions requested might well have been given, but the rules sought to be established were covered by the instructions given, and no prejudice came to defendant. We shall refer then to but two assignments.

It is complained that the court left it to the jury to determine what were the material allegations of the information, meaning, as we believe, that the court left it to the jury to determine what were the material facts in the case of State v. Brink. But this conclusion does not logically follow the instruction of the court that it must find that all of the material allegations of the information had been proven beyond a reasonable doubt. In this instruction the court had reference to the material allegations of the information in this case. The court told the jury that the matters charged in the information were all material

matters to the issue in the Brink case. The jury were not left to speculate or determine these questions "judicially." Counsel's error lies in the fact that they have not marked the difference between the material allegations to be proved as facts in this case, and the material issues in the Brink case, which, of course, the court must, and did, determine judicially.

Counsel requested an instruction on corroboration. 30 Cyc. 1453. The instruction as requested went further than the law as defined by this court would warrant. *State v. Rutledge,* 37 Wash. 523, 79 Pac. 1123. But the instruction was refused for the sounder reason that the giving of the testimony which is alleged to be false was admitted at the trial. Defendant affirms all that he testified to in the Brink case, but says that he was mistaken. No corroboration was called for, and testimony on that line should have been rejected as immaterial if offered.

The only issue was whether defendant wilfully testified falsely as to the matters charged in the information, or whether he was honestly mistaken when he fixed the time and circumstances tending to support the alibi as occurring on June 20, instead of June 21, as he now maintains. The authenticity of the dates occurring on the written memoranda was successfully challenged by the state, and although the sufficiency of the facts to sustain a verdict upon each and all of the counts in the information is challenged, there was much positive evidence to sustain the state's case, and it is not for us to say that the jury should have rejected it as discredited, or as prompted by motives of revenge.

We are invited to weigh the testimony in the light of defendant's standing as a citizen. This seems to have been that of a man prominent in the affairs of the community, a fact which undoubtedly increases the

odium of a conviction on a charge so heinous as that before us. But, at the impartial tribunal of justice, the question is not whether the mighty are likely to fall, but have the mighty indeed fallen; a question of fact and not of law. Its answer is to be found in the conscience of the jury as it is reflected in the verdict, for the law takes no account of the standing or position of one charged with crime. For its own security, as well as the security of the state, those of high degree and those of low degree must answer at the same bar, and if the jury cannot save a man for what he has been, his hope is gone, for neither can the court. A Socrates may question the decision of his judges, but never the right of the tribunal to summon him to make his defense.

Affirmed.

MAIN, C. J., TOLMAN, MACKINTOSH, and MITCHELL, JJ., concur.