[No. 18211. Department One. February 7, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWIN REINIKKA, *Appellant.*[1]

SEDUCTION (10)—INFORMATION—SUFFICIENCY. Under Rem. Comp. Stat., § 2441, defining seduction, an information is sufficient which charges that the accused "seduced" and had sexual intercourse with a female of previous chaste character.

SAME (11)—EVIDENCE—SUBSEQUENT UNCHASTITY—ADMISSIBILITY. In a prosecution for seduction, it is inadmissible to prove that the prosecutrix had had sexual intercourse with others than the defendant subsequent to the offense charged.

CRIMINAL LAW (316)—TRIAL—INSTRUCTIONS—REQUESTS. It is not error to refuse requested instructions that are covered by other instructions.

Appeal from a judgment of the superior court for Cowlitz county, Kirby, J., entered December 5, 1922, upon a trial and conviction of seduction. Affirmed.

*J. E. Stone,* for appellant.

*Hite Imus,* for respondent.

PARKER, J.—The defendant, Reinikka, was charged, by information filed in the superior court for Cowlitz county, with the crime of seduction. His trial in that court resulted in a verdict of guilty and a judgment against him accordingly, from which he has appealed to this court.

[1]Reported in 222 Pac. 885.

It is first contended in behalf of appellant that the information does not sufficiently charge the offense of seduction against him. This question was first presented to the trial court at the commencement of the trial by objections to the introduction of any evidence; no demurrer to the information having been filed in appellant's behalf. The charging language of the information is as follows:

"He, the said Edwin Reinikka on or about the 13th day of February, 1922, A. D., in the county of Cowlitz, state of Washington, then and there being, did then and there willfully, unlawfully and feloniously seduce, carnally know and have sexual intercourse with one Martha Raita, the said Martha Raita then and there being a female of previously chaste character."

The statutory definition of the offense, found in § 2441, Rem. Comp. Stat. [P. C. § 9113], is as follows:

"Every person who shall seduce and have sexual intercourse with any female of previously chaste character, shall be punished by imprisonment . . ."

It is at once apparent that the charging language of the information is substantially in the language of the statute defining the offense. The argument, however, seems to be that the word "seduce" used in the information does not sufficiently advise appellant of the means used to induce the prosecutrix to have sexual intercourse with him. It may be that, under the old technical rules of criminal pleading, this information might have been deemed insufficient in this particular. We think, however, that, in the light of the more modern view, the information is sufficient in this particular, in that the act charged as the crime "is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." See § 2065, Rem. Comp. Stat. [P. C. § 9281].

The word "seduce" has a commonly well-accepted meaning, especially when used with reference to the inducing of a female to submit to sexual intercourse. According to the Standard Dictionary, this meaning is:

"The act of inducing a woman of previously chaste character to consent to unlawful sexual intercourse by enticement, persuasion, or promise of marriage."

The charging language of the information being substantially in the language of the statute defining the offense, these considerations, we think, call for the conclusion that it sufficiently charges the offense against appellant. The following, among others of our decisions, lend strong support to this conclusion: *State v. Wright,* 9 Wash. 96, 37 Pac. 313; *State v. Ryan,* 34 Wash. 597, 76 Pac. 90; *State v. Vane,* 105 Wash. 170, 177 Pac. 728.

While the information charged the offense as having been committed on or about February 13th, it appeared by the testimony of the prosecutrix that her actual seduction, that is, as accomplished by her first induced actual sexual intercourse with appellant, occurred some two months prior thereto. She testified that she became pregnant as the result of that intercourse, which pregnancy she discovered in February. During a somewhat searching cross-examination by counsel for the appellant she was asked: "After the 13th day of February did you have intercourse with any other boys?" This question was objected to and the objection by the court sustained. Thereafter it was attempted to be proven in behalf of the appellant that the prosecutrix had intercourse with others sometime after February 13th. Objection on the part of the prosecution to this offered evidence was also sustained. It is claimed that these rulings were erroneous. This claim of error we think is effectually answered by our de-

cision in *State v. Jones,* 80 Wash. 588, 142 Pac. 35, a seduction case in which such evidence was held inadmissible. Judge Ellis, speaking for the court in that case, said:

"The court refused to permit the appellant to introduce evidence of a specific unchaste act of the prosecuting witness committed with a man other than appellant some time after the alleged seduction. It is urged that, inasmuch as the court admitted evidence of illicit relations between the appellant and the prosecuting witness after the alleged seduction, the defense permitted should be as broad as the prosecution. This, of course, is usually true, but has no application to the case here presented. The evidence of subsequent acts of unchastity with other men should be excluded for the very reason that evidence of such subsequent acts with the accused should be admitted. The latter are admitted as tending to show a consent induced by promise of marriage, because they would probably result from the same inducing cause. The former are inadmissible because the subsequent unchaste acts with other men might result solely from the breaking down of maidenly modesty by the original act of seduction.

" 'Actual unchastity, i. e. criminal intimacy and lascivious conduct with other men existing after the date of the alleged seduction, is excluded as proof of the fact that prosecutrix was unchaste by the probability that it resulted from it.' Underhill, Criminal Evidence (2d ed.), 392, p. 672.

"See, also, *Mann v. State,* 34 Ga. 1; *State v. Wells,* 48 Iowa 671; *State v. Deitrick,* 51 Iowa 467, 1 N. W. 732; *Boyce v. People,* 55 N. Y. 644."

It is contended that the court erred in refusing to give a certain requested instruction. We deem it sufficient to say that this was wholly without prejudice, since the court gave an instruction in its own language covering the subject-matter of the requested instruction, as we view it, even more favorable to appellant.

Some other contentions are made in behalf of ap-

pellant and briefly argued. We deem it sufficient to say that we find no merit in them. A careful review of the record fails to disclose to us any error prejudicial to appellant. The judgment must therefore be affirmed. It is so ordered.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.