[No. 4598.  Decided July 15, 1903.]

The State of Washington, *Respondent*, v. George D. Carpenter, *Appellant*.

CRIMINAL LAW — EVIDENCE — ADMISSIONS.

Admissions of accused at the preliminary examination, upon being asked by the magistrate whether or not he had any testimony to offer, are not made under the influence of fear produced by threats, and evidence of the same is admissible, although the witnesses did not say in words that they were not made under the influence of fear.

SAME.

Evidence of admissions by accused is admissible where the jailer testifies that no inducements were held out to the accused, and that they were made in the presence of his wife when she was visiting him in the jail.

RAPE — EVIDENCE OF OTHER CRIMES — IMPEACHING CHARACTER.

Upon the charge of rape of defendant's daughter, where the defendant's general character has been put in issue, and his wife has testified on cross-examination that a daughter other than the one named in the information never told her that the accused had attempted to commit the crime of rape upon her, it is error requiring a reversal to permit the state to impeach the defendant's character by evidence of a specific crime other than the one for which he is on trial.

SAME.

Neither is it competent to rebut his wife's testimony by evidence of the daughter to the effect that defendant had attempted to have sexual intercourse with her, as the state is concluded by answers on cross-examination pertaining to collateral matters.

REASONABLE DOUBT.

An instruction as to reasonable doubt approved (following *State v. Krug,* 12 Wash. 288).

Appeal from Superior Court, Lewis County.—Hon. ALONZO E. RICE, Judge. Reversed.

*Frank Burch,* for appellant.

*Maurice A. Langhorne,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

FULLERTON, C. J.—The appellant was informed against for the crime of rape, alleged to have been committed upon the person of one Georgie Carpenter, his daughter, a female child under the age of eighteen years. He was found guilty on a trial had thereon, and appeals from the judgment of conviction and the sentence pronounced against him.

It is first assigned that the court erred in permitting W. A. Westover and J. C. Matson, witnesses for the state, to testify to certain statements, in the nature of admissions, made by the appellant at his preliminary examination. It is not contended that there was anything in the statements themselves that rendered them inadmissible, but it is said that the state did not first show that the admissions were not made under the influence of fear produced by threats. But we think the appellant has mistaken the effect of the record. While it is true that the witnesses did not use the words of the statute in detailing the circumstances under

which the admissions were made; that is, they did not say in words that the admissions were not "made under the influence of fear produced by threats," yet they did so in effect. They testified that the admissions were made at the close of the state's case before the committing magistrate, when the magistrate inquired of the appellant whether or not he had any witnesses or testimony to offer on his own behalf. Clearly, there was here evidence that the admissions were not made under the influence of fear produced by threats, even if it be conceded that the statute requires such a showing to be made before an admission made by a defendant at a preliminary hearing can be introduced in evidence against him—a question we do not decide.

In this same connection, and for the same reason, it is assigned that the court erred in permitting the jailer to testify to other admissions made by the appellant. This assignment seems to us to be equally without merit. The jailer testified that no inducements were held out to the appellant in order to get him to make the statements he did make, and that they were made in the presence of the appellant's wife at a time when she was visiting him in the jail.

On the trial, while the wife of the appellant was on the stand, testifying on his behalf, she was asked on her examination in chief concerning the conduct of the appellant towards the members of his family generally, and answered to the effect that he had always conducted himself towards his family as a good husband and father should. On cross-examination she was asked if it was not a fact that their daughter Annie had told her that the appellant had attempted to commit the crime of rape upon her (Annie), to which she replied that Annie had never told her anything of the kind. In rebuttal the state put Annie on the stand,

and was permitted, over the objection of the appellant, to ask her the following question: "What is the fact as to your father attempting rape upon you?" The witness answered to the effect that her father had on several occasions endeavored to induce her to have sexual intercourse with him. The appellant contends that this was error requiring a reversal of the judgment, and we think the contention must be sustained. The state could not show as a fact, in order to contradict the testimony of the wife to the effect that the appellant had always demeaned himself as a good husband and father, that he had been guilty of a crime against a daughter other than that charged in the information. The statement that he had always properly demeaned himself towards his family might in a remote degree tend to show that he was a peaceable and law-abiding man, and so far put his character in issue as to permit the state to introduce impeaching testimony as to his general character in that regard, but this is as far as the rule could possibly go. No rule permits the general character of the defendant, even when directly put in issue, to be impeached by showing the commission by him of a specific crime other than the one for which he is on trial. Neither was it competent to contradict the statement of the wife to the effect that her daughter Annie had never told her that the appellant had attempted a rape upon Annie. No rule is better settled than the one that a cross-examining party is concluded by the answer which a witness makes to a question pertaining to a collateral matter. To such answers no contradiction is allowed, even for the purpose of impeaching the witness. *State v. Payne,* 6 Wash. 563, 568 (34 Pac. 317); 10 Enc. Pl. & Pr. 294, and cases cited. But the question permitted by the court in this instance went much farther than an impeaching question.

The wife was asked whether or not Annie had told her that the appellant had committed a certain act, while Annie was asked whether or not the appellant had committed the act, not whether she had told her mother so. Had it been proper, therefore, to have impeached the statement of the mother when she stated that Annie had never told her of the alleged misconduct of the father, it would have been improper and reversible error to have permitted Annie to answer the question complained of.

Exception was taken to the instructions of the court where it defined a reasonable doubt. The charge, however, was substantially like that approved by this court in *State v. Krug*, 12 Wash. 288 (41 Pac. 126), and we think was entirely unobjectionable. Other errors assigned relate to questions of practice which will not recur on a retrial of the cause, and it is unnecessary to notice them here.

The judgment appealed from is reversed, and the cause remanded for a new trial.

HADLEY, ANDERS, MOUNT and DUNBAR, JJ., concur.