[No. 16798.  Department One.  April 21, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS V. CARROLL, *Appellant*.[1]

CRIMINAL LAW (350)—NEW TRIAL—COMMUNICATION BY OR WITH JURORS.  Misconduct of the bailiff in sending a communication to a member of the jury while deliberating on its verdict, contrary to Rem. Code, § 349, will not require a new trial where it appears that the communication was a nonprejudicial note from the juror's wife.

WITNESSES (126-1)—CROSS-EXAMINATION—IMPEACHMENT—COLLATERAL MATTERS.  Upon cross-examination of the accused's wife to impeach her evidence as to the exemplary character of the accused, her denial of a statement that he had committed other acts for which he could be sent over the road is a collateral matter binding on the state, and it is error to permit rebuttal thereof by the evidence of another witness.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 25, 1921, upon a trial and conviction of incest.  Reversed.

*John F. Dore* and *E. E. Shields*, for appellant.

*Malcolm Douglas, Ralph Hammer*, and *John D. Carmody*, for respondent.

BRIDGES, J. — The defendant has appealed from a judgment of sentence entered upon a verdict of the jury finding him guilty of the crime  charged in the information.  The following facts appear in affidavits made in support of and against appellant's motion for a new trial:  While the jury was deliberating on its verdict, the wife of one of the jurors handed to the bailiff having charge of the jury a written note to be delivered to her husband.  Before delivering the note, the bailiff read it, and the affidavits show that its wording or substance was as follows: ''Am going to get a

[1]Reported in 206 Pac. 563.

bite to eat downtown and then go to a movie. M."
The affidavits of both the juror and his wife are to the
effect that the note had no secret meaning, or any
other meaning than that which plainly showed upon
its face. Section 349, Rem. Code (P. C. § 8513), reads
as follows:

". . . The officer shall, to the best of his ability,
keep the jury thus separate from other persons, with-
out drink, except water, and without food, except or-
dered by the court. He must not suffer any communi-
cation to be made to them, nor make any himself,
unless by order of the court, . . ."

While it is plain the bailiff violated the statute, it
does not necessarily follow that there was a mistrial.
There is absolutely nothing to show that the appellant
was prejudiced because of the note which was given to
the juror. In fact, it affirmatively appears that there
was not, and could not have been, any prejudice.
Under such circumstances, we will not disturb the
order of the court in refusing to grant a new trial.
*State v. Smokalem,* 37 Wash. 91, 79 Pac. 603; *State v.
Aker,* 54 Wash. 342, 103 Pac. 420, 18 Ann. Cas. 972;
*State v. Pepoon,* 62 Wash. 635, 114 Pac. 449; *State v.
White,* 113 Wash. 416, 194 Pac. 390.

While we refuse on this ground to grant a new trial,
we wish to say that the bailiff was guilty of misconduct,
and his action is certainly to be condemned. Such
thoughtless acts by those in charge of jurors are
dangerous and very often lead to errors which must
force a new trial.

The appellant's wife was a witness in his behalf.
In her direct examination she had asserted that she
did not believe her husband was guilty of the crime
charged against him because, among other reasons,
he was a man whose conduct was most exemplary. On
cross-examination, the prosecuting attorney, over ob-
jections by the appellant's counsel, and apparently in

an effort to break down or impeach her testimony concerning her husband, sought to show by her that her husband had been guilty of other offenses. One of the questions addressed to her was: "Q. Now, at that time didn't you say to Mrs. Drew this, or in substance this: 'Mrs. Drew, he has done other things, and if people knew it they would send him over the road for it.' ?" This question she answered in the negative. We do not find it necessary to decide whether this manner of cross-examination was error. After the appellant had rested his case, the prosecuting attorney called Mrs. Drew in rebuttal, and, after some preliminary questions, asked her: "Q. Now, tell the jury whether or not during that conversation Mrs. Carroll (the appellant's wife) said to you this or this in substance: 'He (meaning the appellant) has done other things, Mrs. Drew, and if the people knew about them they would send him over the road.' ?" Over appellant's objection, the court permitted the witness to answer that Mrs. Carroll had so spoken to her.

We have no doubt the court erred in not sustaining the objection to the question. All this matter touched a collateral issue, and the state was bound by the answer given by Mrs. Carroll. The correct rule is laid down in 28 R. C. L. 613, as follows:

"The rule is firmly established that a witness cannot be impeached by showing the falsity of his testimony concerning facts collateral to the issue. Or, as it is frequently stated, an answer by a witness upon cross-examination, upon a merely collateral matter, cannot be contradicted. If he be asked as to a collateral fact, his answer is conclusive on the party examining him, . . ."

In the case of State v. Carpenter, 32 Wash. 254, 73 Pac. 357, we said:

"No rule is better settled than the one that a cross-examining party is concluded by the answer which a

witness makes to a question pertaining to a collateral matter. To such answers no contradiction is allowed, even for the purpose of impeaching the witness.''

In the case of *State v. Stone,* 66 Wash. 625, 120 Pac. 76, the state was permitted to cross-examine the appellant's wife, for the purpose of impeachment, concerning alleged conversations held by her with a certain collector. She answered that she had had no such conversations, and the state, in rebuttal, produced the collector, who testified that such conversations were had. We held that the admission of this testimony was error. See, also, *Wharton v. Tacoma Fir Door Co.,* 58 Wash. 124, 107 Pac. 1057; *State v. Ross,* 85 Wash. 218, 147 Pac. 1149.

For the error stated, the judgment is reversed and the cause remanded for a new trial.

PARKER, C. J., FULLERTON, and TOLMAN, JJ., concur.

MITCHELL, J., concurs in the result.