[No. 18171. Department Two. April 15, 1924.]

THE STATE OF WASHINGTON, *Respondent,* v. LUMAN NOLON, *Appellant.*[1]

CRIMINAL LAW (46)—FORMER JEOPARDY—DISMISSAL—BURGLARY— CONSPIRACY TO COMMIT CRIME. The dismissal of an information charging that defendants confederated together and aiding and assisting each other did, with intent to commit some crime therein, break and enter a certain warehouse, is not a bar to a prosecution of one of the defendants for burglary; since in conspiracy to commit a crime an overt act is not necessary while overt acts are specifically charged in burglary.

SAME (21)—PARTIES TO OFFENSE—PRINCIPALS AND ACCESSORIES. One aiding and abetting in second degree burglary, as defined by Rem. Comp. Stat., § 2579, is guilty as a principal under the express provision of Id., § 2260; hence, where defendant planned a burglary the night before and entered the building with his confederate, he is guilty of breaking and entering, although the confederate was the one who unlocked the door.

WITNESSES (72)—CROSS-EXAMINATION—DISCRETION OF COURT. The extent of cross-examination rests largely in the discretion of the trial court, and abuse is not shown by unnecessary latitude where no prejudice appears.

SAME (126-1)—CROSS-EXAMINATION— IMPEACHMENT — COLLATERAL MATTERS. In a prosecution for burglary, it is error to impeach testimony in rebuttal by one of defendant's witnesses who denied that, the evening before the burglary, defendant visited her home and purchased beer; since it was upon a collateral matter and binding on the state.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered January 6, 1923, upon a trial and conviction of burglary. Reversed.

*Neil C. Bardsley,* for appellant.

*Chas. H. Leavy* and *Edward M. Connelly,* for respondent.

MAIN, C. J.—The defendant was charged by information with the crime of burglary in the second degree.

[1]Reported in 224 Pac. 932.

The trial resulted in a verdict of guilty, and from the judgment entered upon the verdict, the defendant appeals.

On June 3, 1922, about 3:30 o'clock, a. m., the appellant, with one E. O. Harper, entered the warehouse of the Creasey Corporation, went to the basement thereof, loaded a number of cases of canned goods on the elevator and brought the elevator to the first floor, when they were placed under arrest. Harper, about a half hour previous, had entered the warehouse and placed eighteen sacks of sugar on a truck. After this he had gone back to the hotel where the appellant was, and the two of them then came to the warehouse. Harper, who was an employee of the Creasey Corporation and had a key to the door, opened the same and he and the appellant entered. On the 21st day of June, Harper and the appellant, by information filed, were jointly charged with the crime of burglary in the second degree. This information was subsequently dismissed and Nolon, on September the 22d, by another information, was charged with the crime of burglary in the second degree. When the case came on for trial, Harper had previously plead guilty.

The appellant's first contention is that, by the first information, the crime of a conspiracy to commit the crime of burglary was charged, and that since this is a gross misdemeanor, the dismissal of that information is a bar to further prosecution. Inquiry must therefore be directed to the nature of the charge contained in the first information. It recites that the prosecuting attorney charges the defendants,

"E. O. Harper, alias John Doe Wilson, and Luman Nolon, in the county of Spokane, state of Washington, on or about the 3d day of June, 1922, then and there being and then and there confederating together and aiding and assisting each other, did then and there

wilfully, unlawfully and feloniously, with intent to commit some crime therein, break and enter the warehouse building of the Creasey Corporation, a corporation, located at 114 West Pacific Avenue, in the city of Spokane, Spokane county, Washington, said building being then and there a building wherein property was kept for use, sale and deposit.''

It will be noticed that the information alleges that the defendants named therein confederated together and aided and assisted each other in the commission of the crime. The facts constituting the crime are alleged. This information charges the defendants jointly with the crime of burglary in the second degree, and it does not charge them with a conspiracy to commit a crime. In a conspiracy it is not necessary to allege and prove an overt act as a necessary element of the crime. *State v. Mardesich*, 79 Wash. 204, 140 Pac. 573. In the information complained of, the overt acts committed by the defendants are directly and specifically alleged. The dismissal of the first information was not a bar to a prosecution under the second, wherein Nolon alone was charged.

The next contention is that there is no evidence that Nolon broke and entered the warehouse. Section 2579, Rem. Comp. Stat. [P. C. § 8772], among other things, provides that every person who, with intent to commit some crime therein, shall, under circumstances not amounting to burglary in the first degree, break and enter any building wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree. Section 2260 provides that:

''Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who directly or indirectly

counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor, is a principal and shall be proceeded against and punished as such. The fact that the person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent, shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him." Rem. Comp. Stat., § 2260 [P. C. § 8695].

The evidence shows that, on the night previous (at least the jury had a right to so find from the evidence), the appellant and Harper planned to enter the building at about the time they did enter, and to commit the crime therein which they did commit. The fact that Harper was the one who unlocked the door does not absolve the appellant from guilt. If he aided and abetted he was equally guilty and a principal with the actor in chief, if Harper was such. In *State v. Brummett,* 116 Wash. 407, 199 Pac. 726, it is held that, since the statute has abolished the distinction between an accessory before the fact and a principal, the driver of an automobile who did not participate in the forcible act of robbing another, but who held the car in readiness for the active participants to escape, was equally guilty with them of the crime of robbery. There is no merit in the contention that the evidence fails to show that the appellant broke and entered in contemplation of law.

The next complaint is that the trial court permitted too wide a latitude in the cross-examination of certain witnesses called by the appellant. Two or three of the witnesses, after testifying briefly to facts which were not very material, were cross-examined at great length on matters which were entirely immaterial and

could only affect their credibility. This was over the objection of the appellant. The reason for pursuing the cross-examination to the extent to which it was is not made plain by the record, but, in any event, many of the questions were in effect charging the witnesses with having said or done certain things which they in most cases denied. While the scope of this cross-examination was more extensive than we would commend, yet it does not appear that the appellant could have been prejudiced by it. The extent of the cross-examination of a witness is a matter which rests largely in the discretion of the trial court, and we are not inclined to hold that that discretion was abused in this case. *Williams v. Spokane Falls & N. R. Co.*, 42 Wash. 597, 84 Pac. 1129; *Reynolds v. Pacific Car Co.*, 75 Wash. 1, 134 Pac. 512; *State v. Hazzard*, 75 Wash. 5, 134 Pac. 514.

There is another question presented by the appellant which requires the reversal of the judgment. The appellant called as a witness in his behalf a Mrs. W. F. Hays, who testified on direct examination that she resided with her husband at Hillyard, near Spokane, and that on the evening of June 1, 1922, the appellant and his wife and E. O. Harper, who was the other participant in the burglary, visited her home and remained there until about eleven or eleven-thirty o'clock, p. m. On cross-examination this witness was asked this question:

"Q. On that evening, on the evening of June 1, 1922, didn't Luman Nolon and Mrs. Nolon and this man here, Harper, come to your place in Hillyard and wasn't Mr. Harper introduced to you as Mr. Harper and weren't you introduced to him as Mrs. Valeer by Mr. Luman Nolon, the defendant in this case, and didn't they come inside and didn't Mr. Harper and Mr. Nolon buy there off you a drink and drank it in your

presence, and take away with them approximately twelve bottles of beer at the rate of one dollar a bottle? A. No, they did not."

Harper was called in rebuttal by the state and was asked a question, as follows:

"Q. I will ask you if it is not a fact that you, together with Mr. Nolon and Mrs. Nolon, did not drive out there on the evening of June 1, 1922, and go to her residence in Hillyard, and upon being admitted to her home weren't you introduced to her by Mrs. Nolon, she was introduced as Mrs. Valeer and you were introduced as Mr. Harper, and didn't you go inside and there buy some beer and drink beer with her, and didn't Mr. Nolon buy beer from her, altogether approximately ten or twelve bottles, and didn't you pay therefor approximately one dollar a bottle, and didn't you bring some of that beer back to Spokane with you? A. Yes, sir."

The two questions are in effect the same. Mrs. Hays answered in the negative and Harper in the affirmative. This was impeaching a witness upon a matter which was purely collateral, and was error. The rule is well settled that a witness cannot be impeached by showing the falsity of his testimony concerning facts collateral to the issue. The answer by a witness upon cross-examination upon a merely collateral matter cannot be contradicted, and such answer is conclusive on the party examining him. 28 R. C. L.; *State v. Carpenter,* 32 Wash. 254, 73 Pac. 357; *State v. Stone,* 66 Wash. 625, 120 Pac. 76; *State v. Carroll,* 119 Wash. 623, 206 Pac. 563.

As to the other witnesses who, it is claimed, were impeached upon collateral matters, it is not necessary here to make specific reference, though at least in one instance the impeachment was in violation of the rule above stated.

Complaint is also made of a number of instructions to the jury, but we find no merit in these objections. The particular complaint seems to be that the instructions were subject to the objection that they were a comment upon the evidence, but they are free from this fault.

For the error stated, the judgment will be reversed and the cause remanded for a new trial.

BRIDGES, FULLERTON, PEMBERTON, and MITCHELL, JJ., concur.