[No. 23656. Department Two. July 20, 1932.]

THE STATE OF WASHINGTON, *Respondent,* v. OSCAR STEVENSON, *Appellant.*[1]

*Wesley Lloyd,* for appellant.
*J. A. Adams* and *Sam M. Driver,* for respondent.

MAIN, J.—The defendant was charged by information with opening up, conducting and operating as dealer a gambling game, to which he pleaded not

[1]Reported in 13 P. (2d) 47.

guilty. Upon the trial, the jury returned a verdict of guilty. The defendant moved for a new trial, which motion was overruled, and, from the judgment and sentence entered upon the verdict, appeals.

On or about January 1, 1931, the appellant, Oscar Stevenson, and another opened a place on the second floor of the Halbert building, in the city of Wenatchee, which was known as the Wenatchee Social Club. This place consisted of three or four rooms, a reception room, a reading room, and one or two card rooms.

February 26, 1931, the chief of police of the city of Wenatchee and a number of other officers went to the place and entered the reception room. The door from this room into the reading room was locked, and, in response to their signal, the appellant opened the door. He was then served with a search warrant. At the time, there was at one of the tables a "draw poker" game in progress, at which, according to the evidence of the state, the appellant was one of the players. Earlier in the evening, an officer had gone to the place for the purpose of obtaining evidence, and was sitting in the game. The appellant denied that a gambling game was being conducted; but the evidence of the state was sufficient to take this question to the jury, and we do not understand it to be contended otherwise.

Upon the trial, the chief of police was called as a witness, and, over objection, was permitted to testify:

"Mr. Stevenson came to my office and wanted to talk to me privately, and he told me that they—he mentioned 'they.' all the time, not saying who the other party was, but he mentioned that 'they' wanted to start a place for the purpose of gambling. He said it would be an upstairs proposition, and there would be a man at the peep-hole all the time, so if an officer wanted to come up, everything would be cleared away so they wouldn't be embarrassed, and that they would

pay me fifty dollars a month, and later they would pay me more.''

This conversation occurred sometime during the fall of 1929, and more than a year prior to the time the Wenatchee Social Club was opened, and probably a year and three or four months prior to the time the appellant was arrested. The testimony was objected to on the ground that it was irrelevant and too remote in point of time, and this presents the only question here for consideration.

The appellant invokes the general rule to the effect that proof of the commission of a separate and distinct crime will not be admitted for the purpose of aiding the conviction of the defendant for the crime charged. There are, however, exceptions to this general rule, which are as well settled as the rule itself, one of which is that if the evidence was competent for any purpose, it would not become incompetent because of the fact that it might tend to show the commission of another and different crime. *State v. Dana,* 59 Wash. 30, 109 Pac. 191; *State v. Leroy,* 61 Wash. 405, 112 Pac. 635; *State v. MacLeod,* 78 Wash. 175, 138 Pac. 648.

Whether the testimony, above set out, was irrelevant, depended upon whether it tended to show preparation for the opening up of a gambling game in Wenatchee and tended to show an attempt forestalling police interference by offering to the chief of police fifty dollars a month for the privilege of operating a game. Evidence of the preparations of the accused for the commission of a crime charged is relevant and admissible. 16 C. J. 545, § 1040; Underhill on Criminal Evidence, 3d ed., p. 203, § 154. The evidence offered, over objection, under the rule stated, was not irrelevant.

■ The next question is whether it was so remote in point of time as to be immaterial. The question of excluding evidence because of remoteness rests largely in the sound discretion of the trial court, and the ruling of that court will not be disturbed unless the evidence offered was so remote in point of time as to be immaterial. Ordinarily, remoteness affects the weight, rather than the admissibility, of the evidence. In *State v. Perigo,* 70 Iowa 657, 28 N. W. 452, the defendant was charged with murder, and upon the trial, in order to prove ill will or hostility on the part of the defendant towards the deceased, evidence of a quarrel between the two, which occurred about a year prior to the killing, was held to be properly introduced. It was there said:

"A witness was permitted, against defendant's objection, to testify to a quarrel between him and the deceased, which occurred about one year before the killing. This evidence was offered for the purpose of proving ill will or hostility on the part of defendant towards the deceased. The objection urged against its admission was that it was so remote in point of time from the transaction in question that it was entitled to no weight as evidence of the existence of hostility or malice at that time. The objection was properly overruled. The lapse of time between that occurrence and the one in question could properly be considered by the jury in determining the weight which should be given to the evidence; but it could not be determined, as matter of law, that defendant was not actuated in the transaction in question by the feelings which had been engendered by the former occurrence."

The cases of *Commonwealth v. Corkery,* 175 Mass. 460, 56 N. E. 711, and *State v. Barr,* 84 Vt. 38, 77 Atl. 914, 48 L. R. A. (N. S.) 302, are to the same effect. In the case last cited, the evidence offered and received, over objection, was much more remote in point of time than was the evidence in the case now before us. We

are of the opinion that the conversation of the appellant with the chief of police, of which complaint is made, was not so remote in point of time as to be immaterial, and the trial court did not err in receiving the evidence.

The judgment will be affirmed.

TOLMAN, C. J., BEALS, HOLCOMB, and MILLARD, JJ., concur.