[No. 32187.  Department Two.  May 19, 1953.]

THE STATE OF WASHINGTON, *Respondent*, v. R. L. GILMORE, *Appellant*.[1]

[1]Reported in 257 P. (2d) 215.

*John W. Brisky* and *Harwood Bannister*, for appellant.

*Reuben C. Youngquist* and *George E. McIntosh*, for respondent.

DONWORTH, J.—Defendant, R. L. Gilmore, was charged by information with committing the crime of grand larceny by color and aid of a check, as defined by RCW 9.54.010 (2) (cf. Rem. Rev. Stat., § 2601 (2)). He pleaded not guilty, and his trial resulted in a verdict of guilty. His motion for a new trial was denied. From the judgment and sentence pronounced against him on the jury's verdict, he has appealed.

At the trial, the issuance and delivery of the check to the prosecuting witness and the receipt by appellant of ninety-five dollars therefor were admitted. The only issue to be determined by the jury was whether or not appellant committed these acts with the intent to deprive and defraud the prosecuting witness of the sum of ninety-five dollars, knowing that he was not authorized or entitled to draw this money from the bank.

There was evidence admitted at the trial from which the jury was entitled to find as follows:

On Monday, July 2, 1951, between nine and ten o'clock a. m., appellant entered the Thrifty Foods store in Mount Vernon, Washington. For several months prior thereto, he had bought his groceries in that store and was known to the proprietor, Mr. Leslie Christensen, as a customer.

Appellant told Mr. Christensen that he needed ninety-five dollars that morning to pay the ferry fare on a truck he was taking over to one of the San Juan islands. He produced a blank check on the First National Bank of Burlington and asked Mr. Christensen to fill it out for him. At that time, he had no account with that bank, but he had previously had one there for two or three months. This account had been closed out on January 10, 1951, but he did not mention this fact to Mr. Christensen. Appellant signed the check, which had been made out by Mr. Christensen, and received from him ninety-five dollars in cash. This check, bearing appellant's signature and dated July 2, 1951, was admitted in evidence without objection.

On the same day, appellant paid $91.81 to a used-car dealer in Anacortes to complete the payments on a 1937 Pontiac which he was buying and was given a receipt for that sum. The dealer signed the title certificate over to appellant, who then drove to Mount Vernon, where he had previously arranged to trade in the old car, using it as a down payment on the purchase of a 1950 Chevrolet.

Mr. Christensen deposited the check in his own bank in the usual course of business. On July 7, 1951, he was notified that the check would not be honored by the Burlington bank because appellant's account had been closed. He then tried to locate appellant but was informed that he and his family had left the state.

Mr. Christensen thereupon turned the check over to the police, and on July 18, 1951, the information in this case was filed. Appellant was arrested in Fresno, California, in October, 1951, and was returned to Washington by a deputy sheriff of Skagit county. Shortly before the trial in March, 1952, appellant's attorney paid Mr. Christensen ninety-five dollars.

Appellant's defense was based upon his testimony that the transaction with Mr. Christensen took place on Saturday, June 30, 1951, instead of Monday, July 2, 1951, which was the date of the check. The legal basis of this defense was apparently that the instrument was a postdated check, with

the result that there could be no implied representation on June 30th that appellant then had sufficient funds on deposit in the Burlington bank to pay the check. Hence, the check would be considered merely as a draft payable at a future date.

This brings us to a consideration of appellant's two assignments of error.

Appellant's first assignment of error is that the trial court erred in denying his motion to set aside the verdict and grant him a new trial. His contention is that the proof was insufficient to show beyond a reasonable doubt that the date of the transaction was July 2, 1951, as alleged in the information. The evidence produced by the state relative to the exact date on which appellant signed and delivered the check and that produced by appellant was in conflict.

Mr. Christensen testified that the check was dated July 2, 1951, and that appellant signed it and received the money on that date. The used-car dealer in Anacortes testified that he received the final payment on the 1937 Pontiac from appellant and signed over the title certificate on July 2, 1951. He used his copy of the receipt given appellant for the $91.81 payment to refresh his recollection as to the date.

Appellant admitted completing the purchase of the Pontiac during the same morning that he signed the check and received the money from Mr. Christensen. He contended at the trial that Mr. Christensen and the used-car dealer in Anacortes were both mistaken as to the date. He testified that he signed the check on June 30th and not on July 2nd, that it was either undated or was postdated, and that, therefore, the transaction was a loan, "more or less."

To support his contention that he could not possibly have signed the check on July 2nd, appellant, his wife, and a neighbor testified that he and his family were out of the state on that date. According to this testimony, appellant left the state on the afternoon of June 30th and did not return until July 3rd.

Even if it were incumbent upon the state to prove that the check was signed on July 2nd and no other day, the conflict in the evidence outlined above merely pre-

sented a question of fact for the jury. It was within the province of the jury to believe the testimony presented by one side and disbelieve that presented by the other. In this case, the jury chose to believe the state's evidence. The verdict having been based on substantial, competent evidence, it will not be disturbed. *State v. Kirkby*, 20 Wn. (2d) 455, 147 P. (2d) 947; *State v. Rosencrans*, 24 Wn. (2d) 775, 167 P. (2d) 170.

The first assignment is clearly without merit.

Appellant next contends that the trial court erred in allowing the state to impeach his testimony on collateral matters. He argues that the only question in dispute was the date when the check was passed, and that it was error to admit testimony as to appellant's reasons for cashing the check and the use to which he applied the proceeds.

Appellant took the stand in his own defense and testified that he signed the check on June 30th, that he advised Mr. Christensen at that time that he had insufficient funds in the bank, that he did not intend to defraud him, and that the transaction was in the nature of a loan. All these material issues were in dispute. On cross-examination, he testified that he did not know and could not remember whether he had told different stories regarding these matters to a certain deputy sheriff and to a certain deputy prosecutor at specified times prior to the trial.

In rebuttal, the state produced as witnesses the deputy sheriff and the deputy prosecutor referred to above. The deputy sheriff testified that on November 6, 1951, appellant had told him that he did not know that the account in the Burlington bank had been closed, and that appellant had *not* said that the check was not completely made out when he signed it or that he was out of the state on July 2nd. The deputy prosecutor testified that on November 21, 1951, appellant had told him that if Mr. Christensen had put the check through faster it would have been paid, because his account was closed between July 2nd and 10th. Neither witness testified as to what appellant had said about the use he had made of the money.

■ The test for determining whether or not a fact is a collateral matter is:

" 'Could the fact, as to which error is predicated, have been shown in evidence for any purpose independently of the contradiction? Such, also, seems to be the test recommended in 2 Wigmore on Evidence (2d ed.), 435, § 1003. [3 Wigmore, (3d. ed.) 657, § 1003]' " *State v. Kritzer*, 21 Wn. (2d) 710, 152 P. (2d) 967.

Appellant cites *State v. Johnson*, 192 Wash. 467, 73 P. (2d) 1342, to support his contention that the court erroneously allowed impeachment on collateral matters. There, this court reversed a conviction of burglary and remanded the case for a new trial, saying:

"The fact that some one else had burglarized the same place four years before and that appellants were aware thereof and had seen some of the property then stolen was not relevant to the issue of criminal intent, but was a wholly collateral matter. Previous knowledge of such facts would not tend to prove appellants' criminal intent and guilt in this case; nor, conversely, would absence of such knowledge tend to prove their innocence."

■■ Implicit in the reasoning of that case is the premise that, where intent is an essential element of the crime, any matter tending to prove the accused's criminal intent at the time in question is not a collateral matter. Surely, it cannot be held that the state could show the date of the offense or matters relating to appellant's intent at that time *only* for the purpose of contradiction. These matters were material and necessary to prove the crime charged. The proof of prior inconsistent statements was admitted for its bearing upon appellant's credibility as a witness in the case, and no error was committed in the admission of this testimony.

The second assignment of error is directed to the court's refusal to give the jury an instruction requested by appellant to the effect that evidence of prior inconsistent statements made by a witness had not been admitted to prove the truth or falsity of the statements previously made but only for its bearing upon the credibility of the witness' tes-

timony at the trial. Appellant contends that failure to so instruct is prejudicial error and cites *State v. Fliehman*, 35 Wn. (2d) 243, 212 P. (2d) 794.

The holding of that case was that it is error to admit evidence of a prior inconsistent, uncross-examined statement without laying a proper foundation therefor by confronting the witness with the self-contradiction and giving him the opportunity to explain it or reconcile it. The court, in discussing that error, said:

"Whether or not such error is prejudicial, depends upon the circumstances of each case. The magnitude of the error in this case was increased by the absence of limiting instructions on the functions of impeachment. The jury was thus permitted to consider the prior inconsistent written statement as proof of the truth of its contents."

It should be borne in mind that, in the case at bar, a proper foundation for impeachment was laid during appellant's cross-examination.

Whether failure to give such cautionary instruction as was requested by appellant is prejudicial error depends on the circumstances of each case. It is not necessarily prejudicial error to refuse to give such an instruction. *State v. Hall*, 41 Wn. (2d) 446, 249 P. (2d) 769.

Under the circumstances of this case, we hold that the failure to give the requested instruction was not prejudicial error, although it contained a correct statement of the law. In neither of the conversations with the two officers had appellant admitted guilt or made any statement which would tend to show guilt on his part. On the contrary, the prior inconsistent statements which were admitted, while giving a different account of the transaction than that given by appellant on the witness stand, were protestations of innocence. Even if the jury had considered the prior statements as the proof of the truth of the facts stated by appellant instead of as merely affecting his credibility and had believed them, it would have found appellant not guilty. Consequently, appellant could not have been adversely affected by the jury's consideration of the testimony of the two officers in any event.

Since the substance of appellant's statements to the officers (if found to be true) would completely vindicate him, the failure to give the proposed cautionary instruction, although it would have been proper to so instruct the jury, could not possibly have affected the jury's verdict in this case. Therefore, no prejudicial error was committed in this respect. *State v. Britton*, 27 Wn. (2d) 336, 178 P. (2d) 341; *State v. Hall, supra.*

Finding no merit in appellant's assignments of error and no reversible error committed in the conduct of his trial, the judgment and sentence entered by the trial court is hereby affirmed.

GRADY, C. J., SCHWELLENBACH, HAMLEY, and FINLEY, JJ., concur.

