[No. 32192. Department One. June 25, 1953.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN G. FAIRFAX, *Appellant*.[1]

[1] Reported in 258 P. (2d) 1212.

*William B. Bantz, James P. Dillard,* and *E. W. Robertson,* for appellant.

*Hugh H. Evans* and *Ellsworth I. Connelly,* for respondent.

OLSON, J.—Defendant was charged in one information with five separate crimes, three counts of rape, one of sodomy, and one of assault in the second degree. He was convicted, by a jury, of the crime of rape on two counts, and of the crime of sodomy, and he has appealed from the judgment and sentence entered upon the verdict. His assign-

ments of error are such that we need not relate the evidence in detail.

██ Two of his contentions arise from the testimony of one witness called by the state in rebuttal. The first is that this witness was in the courtroom during the trial, despite the order of the court excluding the witnesses, and should not have been permitted to testify. This matter is within the discretion of the trial court. *State v. Brown,* 31 Wn. (2d) 475, 488, 197 P. (2d) 590, 202 P. (2d) 461 (1948), and cases cited. It is not shown how long the witness was in the courtroom or that the prosecuting attorney was at fault in any way. We find no abuse of discretion here.

Secondly, defendant contends that the court erred in permitting this witness to testify, in substance, that defendant was in his place of abode at nine o'clock on the morning after the offenses occurred. The state introduced testimony of a physician that there were scratch marks or lacerations on defendant's face, when he was examined on the afternoon following the crimes, and that these marks were not older than twenty-four hours. Photographs of defendant, taken about the same time as the doctor examined him, are also in evidence, and they disclose a mark or bruise on his face.

Defendant testified on direct examination that he had arisen at 7:15 on the morning after the crimes, and left soon to repair a door on a warehouse he was building; that, while he was so engaged, a timber slipped and hit his head, causing the visible lacerations on his forehead, and that he left the warehouse and went directly to the home of a friend for breakfast. On cross-examination, he more closely established the time he left his home and of his injury.

██ Considering that he was charged with rape, resistance by the prosecuting witness was an issue to which evidence of the marks on defendant's face was relevant. Defendant so considered it when, on his direct examination, he opened the inquiry regarding the source of these marks. The state could not know that he would attempt this explanation until he did so, and had its first opportunity to refute

it on rebuttal. It did this by the testimony which tended to show that he was not at the warehouse when he said he was or at all.

■ This testimony did not violate the rule against the impeachment of a witness upon a collateral matter. It was material and relevant to an issue in the case. It contradicted defendant's testimony. It was directed to the credibility of defendant as a witness, and its admission was proper. *State v. Hood,* 103 Wash. 489, 491, 175 Pac. 27 (1918), and cases cited; *State v. Costello,* 169 Wash. 450, 456, 14 P. (2d) 24 (1932); *State v. Jensen,* 194 Wash. 515, 519, 78 P. (2d) 600 (1938), and cases cited; *State v. Hartley,* 25 Wn. (2d) 211, 222, 170 P. (2d) 333 (1946).

In these cases, as in the case at bar, the question of admissibility arose regarding evidence offered on rebuttal upon an inquiry first opened on the direct examination of the accused. These cases should be differentiated from those in which the questioned evidence was directed to matters first brought out on cross-examination of the defendant. The following are of that type: *State v. Kritzer,* 21 Wn. (2d) 710, 714, 152 P. (2d) 967 (1944), and cases cited; *State v. Putzell,* 40 Wn. (2d) 174, 181, 242 P. (2d) 180 (1952); *State v. Gilmore, ante* p. 624, 629, 257 P. (2d) 215 (1953).

■ More latitude is allowed in rebuttal of matters arising on direct examination of an accused, and properly so, because surprise, confusion of issues, improper extension of the scope of the inquiry, or other claims of unfairness are less likely to be well-founded in such a case.

■ Finally, the admission and determination of the propriety of rebuttal testimony rests largely in the discretion of the trial court, and we find no abuse of this discretion in this case. *State v. Jensen, supra,* p. 519, and cases cited; *State v. Murley,* 35 Wn. (2d) 233, 234, 212 P. (2d) 801 (1949), and case cited; 3 Wigmore on Evidence (3d ed.) 659, § 1003.

■ Defendant also urges that he was prohibited from denying the questioned testimony, when called as a witness on surrebuttal. The trial court sustained objections by the

state that certain questions put to defendant by his counsel were leading. Whether or not these rulings were correct is of no importance, because defendant was permitted to answer other questions directly upon the point, and he could not have been prejudiced by the questioned rulings of the court.

■ Defendant's final contention is that the verdicts are inconsistent. He argues that he could not have been acquitted on one count of rape and convicted on two counts, when all counts rest upon the same evidence. But this contention is not supported by the record. Each crime of rape with which defendant is charged in a separate count, is composed of different acts or elements alleged to have been committed by him. Each count stood alone. The proof on each count was not the same. The sequence of the occurrence of each of the alleged offenses was clear. The jury returned no verdict on the count charging assault, upon reaching a verdict of guilty on two of the counts charging rape. This was in accordance with the instructions of the court, to which no exception was taken. The conviction of the crime of sodomy rested upon separate allegations and proof. The verdicts returned were not inconsistent. *State v. O'Neil*, 24 Wn. (2d) 802, 809, 167 P. (2d) 471 (1946), and cases cited.

■ Had defendant desired a more particular pleading by the state, he could have moved to obtain it. Objections to the form or sufficiency of an information cannot be raised for the first time on appeal. *State v. Vane*, 105 Wash. 170, 176, 177 Pac. 728 (1919); *State v. Williams*, 35 Wn. (2d) 323, 324, 212 P. (2d) 777 (1949), and cases cited.

The jury was fully and fairly instructed on the law in this case. Defendant claims no error in this regard. The evidence sustains the verdict. He is not entitled to a new trial.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and FINLEY, JJ., concur.

August 18, 1953. Petition for rehearing denied.