[No. 36462.   Department Two.   May 9, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. ROY EARL OSWALT, *Appellant*, DONALD MICHAEL GILMAN, *Defendant.*\*

\* Reported in 381 P. (2d) 617.

*Irving C. Paul, Jr.,* for appellant.

*Charles O. Carroll* and *Victor V. Hoff,* for respondent.

HAMILTON, J.—Defendant appeals, upon a short record, from a conviction of robbery and first degree burglary. During trial, a defense of alibi was introduced. Error is assigned to the admission of certain rebuttal testimony, defendant contending such evidence constituted impeachment on a collateral matter.

The short record before us (testimony of two witnesses) indicates that on July 14, 1961, two armed men entered the King County residence of Frank L. Goodell. One man stood guard over a number of people at the home. The other man took Mr. Goodell to a Tradewell store and forced him to open the safe and turn over the money therein. Defendant was identified as one of the two men.

In presenting his defense of alibi, defendant called a Mr. August Ardiss of Portland, Oregon. On direct examination Mr. Ardiss testified in substance that: his wife and he operated a restaurant in Portland; he was acquainted with the defendant, as a fairly regular patron of the restaurant; defendant was in the restaurant at such times on July 14, 1961, as to render it impossible, as a practical matter, for defendant to be in Seattle at the time of the offense charged; and he remembered this occasion because defendant had accompanied a restaurant employee to work, assisted in a part of her work, and escorted her home.

On cross-examination by the state, the following exchange took place:

"Q. To the best of your knowledge would you say Oswalt had been in every day for the last couple of months or did he miss occasional periods of three or four days, or what was it? A. No. I think he was in there every day. I really think he was in there every day. Q. For the last couple months? A. Yes."

In rebuttal, a police detective was permitted to testify, over defense objections, as follows:

"Q. Did you see and talk to the defendant Mr. Oswalt on June 12, 1961? A. I did. Q. And in what city did you talk to him? A. In the City of Seattle. Q. And did you during that conversation ask him how long he had been in this city of Seattle at that time? . . . A. I did. Q. And how long did he state he had been in the City of Seattle? A. He stated he had arrived in Seattle a couple days before I talked to him. Q. Did he state where he had come from? A. Portland, Oregon."

During colloquy between the trial court and counsel relative to the admissibility of the detective's testimony, the trial court commented: "There is no claim by Oswalt he wasn't in Seattle, Gilman [a codefendant] claims that, but Oswalt doesn't."

It is to the rebuttal testimony of the police detective that defendant assigns error. The state, in response, contends such testimony to be admissible not only because it challenges the credibility of witness Ardiss, but also establishes defendant's presence in Seattle preparatory to the offense.

█ It is a well recognized and firmly established rule in this jurisdiction, and elsewhere, that a witness cannot be impeached upon matters collateral to the principal issues being tried. *State v. Myers*, 47 Wn. (2d) 840, 290 P. (2d) 253; *State v. Fairfax*, 42 Wn. (2d) 777, 258 P. (2d) 1212; *State v. Gilmore*, 42 Wn. (2d) 624, 257 P. (2d) 215; *State v. Putzell*, 40 Wn. (2d) 174, 242 P. (2d) 180; *State v. Kritzer*, 21 Wn. (2d) 710, 152 P. (2d) 967; *O'Neil v. Crampton*, 18 Wn. (2d) 579, 140 P. (2d) 308; *Warren v. Hynes*, 4 Wn. (2d) 128, 102 P. (2d) 691; *State v. Johnson*, 192 Wash. 467, 73 P. (2d) 1342; *State v. Sandros*, 186 Wash. 438, 58 P. (2d) 362; *State v. Nolon*, 129 Wash. 284, 224 Pac. 932; *State v. Carroll*, 119 Wash. 623, 206 Pac. 563; *State v. Schuman*,

89 Wash. 9, 153 Pac. 1084; *State v. Stone*, 66 Wash. 625, 120 Pac. 76; *State v. Carpenter*, 32 Wash. 254, 73 Pac. 357.

The purpose of the rule is basically two-fold: (1) avoidance of undue confusion of issues, and (2) prevention of unfair advantage over a witness unprepared to answer concerning matters unrelated or remote to the issues at hand. *State v. Fairfax, supra*; 3 Wigmore on Evidence (3d ed.) § 1002, p. 656.

■ We, in common with other jurisdictions, have stated the test of collateralness to be: Could the fact, as to which error is predicated, have been shown in evidence for any purpose independently of the contradiction? *State v. Winters*, 54 Wn. (2d) 707, 344 P. (2d) 526; *State v. Gilmore, supra*; *State v. Kritzer, supra*; *State v. Johnson, supra*; *State v. Sandros, supra*.

We are handicapped by the limited record before us in evaluating the relationship of the contradictory evidence in question to the general issues presented in the trial.

■ So far as appears by this record, the sole issue raised by defendant's defense of alibi, through the direct testimony of witness Ardiss, was whether or not the defendant was or could have been in Seattle at the time of the offense on July 14, 1961. The defendant did not contend or seek to prove by this witness that he had not been in Seattle prior to such date. Thus, for purposes of impeaching this witness, whether the defendant was in Seattle on a given occasion one month prior to July 14th, was irrelevant and collateral. While a cross-examiner is, within the sound discretion of the trial court, permitted to inquire into collateral matters testing the credibility of a witness, he does so at the risk of being concluded by the answers given. *State v. Anderson*, 46 Wn. (2d) 864, 285 P. (2d) 879.

The state, however, contends that the quoted testimony of Ardiss, as elicited by its cross-examination, carries with it an inference that defendant could not have been in Seattle sufficiently in advance of July 14, 1961, to have participated in necessary planning of and preparation for the offense. Upon the inference so erected, the state asserts the questioned testimony becomes material and admissible

independently of its contradictory nature. The state further supports this argument by testimony elicited from the police detective to the effect that defendant admitted, in the interview of June 12, 1961, that he had purchased some adhesive tape.

Admittedly, relevant and probative evidence of preparations by an accused for the commission of a crime is admissible. *State v. Stevenson,* 169 Wash. 10, 13 P. (2d) 47. Based upon the limited record before us, however, the state's argument requires us to speculate that the defendant could not readily commute between Portland and Seattle, and that his presence in Seattle and acquisition of adhesive tape, upon an isolated occasion approximately a month before the offense in question, constituted significant evidence of planning and preparation for the offense in question, the particular mechanics of which are unrevealed by the record. This we decline to do, absent effort upon the part of the state to obtain a more complete record. Rules on Appeal 36, 46(3), RCW Vol 0; *Palin v. General Constr. Co.,* 45 Wn. (2d) 721, 277 P. (2d) 703.

Upon the record before us, we must conclude it was error to admit the questioned testimony.

Having so concluded, we must next determine whether the error was prejudicial. *State v. Moore,* 35 Wn. (2d) 106, 211 P. (2d) 172.

In *State v. Britton,* 27 Wn. (2d) 336, 341, 178 P. (2d) 341, we said:

"A harmless error is an error which is trivial, or formal, or merely academic, and was not prejudicial to the substantial rights of the party assigning it, and in no way affected the final outcome of the case. . . .

" . . .

"A prejudicial error is an error which affected the final result of the case and was prejudicial to a substantial right of the party assigning it. . . ."

In the instant case, the state's charge apparently rested upon an identification of the defendant by witnesses at the scene of the crime. The defense apparently rested upon alibi. The state seemingly considered the testimony

of witness Ardiss sufficiently credible to require this attack. The defendant was convicted. It is difficult, therefore, to classify admission of the testimony in question trivial, formal, academic, or harmless, and to conclude that such did not affect the outcome of the case. The alternative is that it was prejudicial. We so hold.

The judgment is reversed and the cause remanded for new trial.

OTT, C. J., DONWORTH, FINLEY, and HUNTER, JJ., concur.

June 28, 1963. Petition for rehearing denied.

* Reported in 381 P. (2d) 237.