[No. 6600–1. Division One. July 2, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN LAHTI, *Appellant.*

*Leslie J. Wildman* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Thomas E. Kelly, Deputy,* for respondent.

RINGOLD, J.—Steven Lahti appeals from the judgment and sentence after a jury found him guilty of indecent liberties. We find that the trial court erred in ruling upon one issue, and reverse.

At trial, Lahti's daughter testified to a pattern of sexual abuse by him from October 1975 until October 1977. Louise Lahti, mother of the alleged victim, and wife of Steven, testified for the defense. On cross–examination, she denied expressing suspicions concerning her husband's conduct when the daughter's accusations were first raised. In rebuttal, two prosecution witnesses testified over objection that Mrs. Lahti had stated such suspicions to them.

The primary issue presented is whether the trial court erred in permitting rebuttal testimony to impeach Mrs. Lahti. Lahti argues that his wife's alleged suspicions of sexual abuse were collateral and therefore impeachment by rebuttal testimony was improper. The State contends that Mrs. Lahti's suspicions were not collateral and that the defense opened the door in its direct examination.

### IMPEACHMENT OF WITNESS—COLLATERAL ISSUE?

The general rule is that a witness cannot be impeached upon matters collateral to the principal issues being tried. *State v. Oswalt,* 62 Wn.2d 118, 381 P.2d 617 (1963). The trial court, however, has discretion to permit a cross–examiner to inquire into collateral matters testing the

credibility of the witness, but the cross–examiner is concluded by the answers given. *State v. Anderson,* 46 Wn.2d 864, 285 P.2d 879 (1955). The test of collateralness is: Could the fact to which error is predicated have been shown for any purpose independently of the contradiction? *State v. Oswalt, supra.* Mrs. Lahti's alleged suspicions constituted an opinion as to Lahti's guilt and, even absent the marital privilege, could not have been shown independently in the State's case in chief without improperly substituting Mrs. Lahti's judgment for that of the jury. *See State v. Bromley,* 72 Wn.2d 150, 432 P.2d 568 (1967). The State therefore was concluded by Mrs. Lahti's denial on cross–examination and the trial court erred in permitting rebuttal testimony.

The error requires reversal; we have considered Lahti's remaining assignments of error and, as to them, determine that the trial court ruled correctly.

Reversed and remanded for a new trial.

FARRIS and WILLIAMS, JJ., concur.

Reconsideration denied August 16, 1979.

Review denied by Supreme Court November 9, 1979.