IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33884-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TABITHA ANN SANCHEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Tabitha Sanchez appeals her convictions for attempting to elude

and driving while under the influence (DUI), arguing that the trial court wrongly limited

her cross-examination of an officer, her attorney failed to pursue a necessity defense, and

the State failed to establish her criminal history. We affirm.

FACTS

Ms. Sanchez came to the attention of Moses Lake police when she sped through a

red light in front of an officer and declined to stop for his emergency lights during the

ensuing pursuit. She finally stopped in front of a residence and tried to go inside; the

officer had to tackle her. Police eventually arrested her for DUI. She refused to provide

a breath sample.

After the arrest, she told police that she was fleeing from a male driving a light blue Navigator who had threatened her over an unpaid debt her son owed. Her son had been murdered a few years earlier. At trial, the State successfully moved in limine to prevent the defense from cross-examining the officer about the statements. The trial court agreed that the statements were hearsay, but indicated that they could be admitted if some exception was available. 2 Report of Proceedings (RP) at 36. The defense never sought to elicit the statements at trial and did not argue that a hearsay exception existed. Counsel did ask the officer why he had not required Ms. Sanchez to undergo field sobriety testing (FST). The officer explained that he could not compel her to undergo the testing because he already had arrested her. The trial court excluded efforts to show that the officer's belief was incorrect.

The jury convicted the defendant on both charges and entered a special finding that she had refused to take a breath alcohol test. The court imposed a mid-range sentence of 25 months for the eluding count due to the defendant's offender score of 9+. Ms. Sanchez then timely appealed to this court.

## ANALYSIS

This appeal presents the three issues identified previously. We consider first the contention that the court erred in limiting her cross-examination concerning the field sobriety tests. We then turn to an argument that trial counsel erred by not presenting a

necessity defense. Finally, we consider whether the offender score was properly established.

*Cross-Examination about Field Sobriety Testing*

Ms. Sanchez first contends that her counsel should have been allowed to further examine the investigating officer concerning his belief that he could not compel the FST after arrest. This argument fails on several grounds. The trial court did not abuse its discretion in excluding the questioning.

Evidentiary rulings, including those under ER 404(b), are reviewed for abuse of discretion. *State v. DeVincentis*, 150 Wn.2d 11, 17, 74 P.3d 119 (2003). Discretion is abused if it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). In some circumstances the constitution requires that state evidentiary rules give way to the constitutional right to present a defense. *E.g.*, *State v. Jones*, 168 Wn.2d 713, 719-21, 230 P.3d 576 (2010). There is, however, no constitutional right to present irrelevant evidence. *Id.* at 720. If a court excludes relevant evidence to the point where it effectively prevents presentation of the defense, the constitutional right is violated. *Id.* at 721.

Ms. Sanchez argues that this is one of those situations where the denial of cross-examination prevented her from presenting her defense due to the fact that she could not show that the officer was incorrect in his explanation of why no attempt was made to conduct the FST. It was not. First, the matter was of very dubious relevance. While the

3

question of why the FST was not given had relevance, impeaching the officer's answer had little or none. Whether his belief was legally correct or not had no relevance to the case at hand. If the officer's actions had varied from his training and usual practices it would be relevant, but the defense was bound by the officer's answer as to the "why" of his actions.

Secondly, the officer was not the correct person to answer the legal question presented. The defense needed an expert in Washington law to opine on that point.

Finally, any effort to impeach the officer's legal beliefs amounted to impeachment on a collateral matter. Washington long has excluded evidence that attempts to impeach a witness on collateral matters. "It is a well recognized and firmly established rule in this jurisdiction, and elsewhere, that a witness cannot be impeached upon matters collateral to the principal issues being tried." *State v. Oswalt*, 62 Wn.2d 118, 120-21, 381 P.2d 617 (1963) (citing *State v. Myers*, 47 Wn.2d 840, 290 P.2d 253 (1955); *State v. Fairfax*, 42 Wn.2d 777, 258 P.2d 1212 (1953); *State v. Gilmore*, 42 Wn.2d 624, 257 P.2d 215 (1953); *State v. Putzell*, 40 Wn.2d 174, 242 P.2d 180 (1952); *State v. Kritzer*, 21 Wn.2d 710, 152 P.2d 967 (1944); *O'Neil v. Crampton*, 18 Wn.2d 579, 140 P.2d 308 (1943); *Warren v. Hynes*, 4 Wn.2d 128, 102 P.2d 691 (1940); *State v. Johnson*, 192 Wash. 467, 73 P.2d 1342 (1937); *State v. Sandros*, 186 Wash. 438, 58 P.2d 362 (1936); *State v. Nolon*, 129 Wash. 284, 224 P. 932 (1924); *State v. Carroll*, 119 Wash. 623, 206 P. 563 (1922); *State v. Schuman*, 89 Wash. 9, 153 P. 1084 (1915);

*State v. Stone*, 66 Wash. 625, 120 P. 76 (1912); *State v. Carpenter*, 32 Wash. 254, 73 P. 357 (1903)).

The question here was whether Ms. Sanchez was driving under the influence. The officer's investigation was fair game for cross-examination, but his belief concerning legal practices was not. Whether that belief was correct or incorrect, it was *his* belief. The question of the legal accuracy of his belief is a tangential issue of minimal or no relevance; it was at most a collateral matter. The trial judge correctly foreclosed testimony on the topic.

The trial court had tenable grounds for ruling as it did. There was no abuse of discretion, and no violation of any right of the defendant. She was able to maintain her argument that the officer had not tested her because he did not believe she was impaired. There was no error.

*Necessity Defense*

Ms. Sanchez next argues that her counsel performed ineffectively by not admitting her statements to the police concerning the threat and using those statements to pursue a necessity defense. Because she has not established that such a defense was even available on these facts, let alone a better way to proceed, she cannot establish that her counsel failed her.

Long settled standards govern our review of this contention. The Sixth Amendment guaranty of counsel requires that a defense attorney perform to

the standards of the profession. Counsel's failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts apply a two-prong test: whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id.* at 690-92. When a claim can be resolved on one ground, a reviewing court need not consider both *Strickland* prongs. *Id.* at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726, *review denied*, 162 Wn.2d 1007 (2007).

The defense of necessity is recognized by Washington common law. *State v. Diana*, 24 Wn. App. 908, 913-916, 604 P.2d 1312 (1979). Citing to the Model Penal Code, this court concluded in *Diana* that the defense would be available when the defendant established that due to outside circumstances not of her own causing she committed an illegal act in order to avoid a greater harm. *Id.* at 913-14. The common law defense is unavailable when the legislature has provided a statutory defense. *Id.* The elements of the defense are memorialized in WPIC 18.02.

Defense counsel conceded that there was no factual basis for an instruction on the necessity defense. 3 RP at 8-9. Apparently agreeing with that assessment, Ms. Sanchez

argues now that counsel should have sought to admit her statements about the man

driving the light blue Navigator as excited utterances. This argument fails for multiple

reasons.

This argument is raised initially on appeal, resulting in there being little or no

evidence to suggest that the excited utterance exception to the hearsay rule applied since

no effort was made to develop the factual circumstances at trial. In addition, Ms.

Sanchez was free to take the stand and testify to the events without relying on hearsay.

However, she and her counsel made the tactical decision not to expose her to cross-

examination once the trial court ruled that some of her prior felony convictions for crimes

of dishonesty would be admissible to impeach her testimony. 2 RP at 22-27. This

tactical decision cannot be the basis for an ineffective assistance claim. *Strickland*, 466

U.S. at 689-691.

Another reason that the defense was not available is that the eluding statute has its

own defense. RCW 46.61.024(2) provides in part that it is a defense that the driver drove

reasonably under the circumstances after refusing to stop for the police. The existence of

the statutory defense negates the possibility of a necessity defense applying. *Diana*, 24

Wn. App. at 913-14.

Finally, the defense was unavailable on these facts because a reasonable legal

alternative existed to her continued flight. *Id.* at 914. If she had been fleeing the man in

the Navigator, she should have pulled over immediately after the officer signaled her to

7

do so. She most certainly would not have continued to flee into the house once she had stopped the car. A person fleeing an immediate threat of violence should be expected to take safety in the protection of law enforcement rather than continue dangerous behavior threatening others on the road. Given the existence of this legal alternative, her continued flight precluded a necessity defense. *Id.*; WPIC 18.02 (defense only available if "no reasonable legal alternative existed"). Ms. Sanchez had the legal alternative of stopping and seeking shelter from the police.

For all of these reasons, the necessity defense was not available under these facts. Defense counsel did not err by failing to pursue the strategy.

*Offender Score*

Lastly, Ms. Sanchez argues that the prosecutor failed to prove her prior convictions. Because she acknowledged her criminal history on repeated occasions, there was no need to enter the prior convictions into the record.

The State has the burden of establishing a defendant's prior criminal history by a preponderance of the evidence to determine his or her offender score at sentencing. *State v. Ford*, 137 Wn.2d 472, 479-480, 973 P.2d 452 (1999). Bare assertions of prior criminal history are insufficient to satisfy the State's burden of proof. *State v. Hunley*, 175 Wn.2d 901, 910, 915, 287 P.3d 584 (2012). The State is only relieved of this burden if the defendant affirmatively acknowledges his or her prior criminal history; the defendant's mere failure to object is insufficient. *Id.* at 912, 917.

8

The defense argues here that the State offered insufficient evidence to support the criminal history, a point that the prosecutor concedes. However, there was no need to do more in light of the defense agreement with the criminal history.

Defense counsel acknowledged the existence of Ms. Sanchez's extensive criminal history. Specifically, counsel stated that "the State has presented the client's history to the Court," and that Ms. Sanchez "doesn't have a great history." 1 RP at 9. Finally, counsel recognized "my client doesn't have an excellent history, which the Court can see." *Id.* The State had stated her criminal history as "9+." 1 RP at 8. These statements were a sufficient acknowledgement.

The judgment and sentence is affirmed. We exercise our discretion to direct that costs not be awarded in this case.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____          _____
Siddoway, J.                                    Pennell, J.

9